## OWENS v. UNITED STATES.

### No. 6525.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 5, 1953.

Decided Feb. 4, 1953.

750

John F. Williams, Aiken, S. C. (Williams & Busbee, Aiken, S. C., on brief), for appellant.

Claud N. Sapp, Jr., Asst. U. S. Atty., Columbia, S. C. (Ben Scott Whaley, U. S. Atty., Charleston, S. C., on brief), for appellee.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and WEBB, District Judge.

DOBIE, Circuit Judge.

Leon Owens was convicted in two indictments, consolidated for trial. The first indictment charged Leon Owens, Evelyn Owens (his wife) and Clinton Troy Weeks with a violation of the Internal Revenue Laws relating to liquor, namely Sections 2913 and 3253 of the Internal Revenue Code, 26 U.S.C. §§ 2913, 3253. The second indictment charged Leon Owens and Evelyn Owens with assault upon government officers with a deadly weapon in violation of Section 111, Title 18 United States Code. Weeks pleaded guilty under the first indictment. The two indictments against Leon Owens and Evelyn Owens were consolidated for trial, resulting in a directed verdict of "not guilty" in the liquor case against Evelyn Owens and a verdict of "not guilty" as to Evelyn Owens in the assault case. Leon Owens was found guilty by the jury under both indictments. He was thereupon sentenced by the court on each count to the payment of a fine of $200 and to imprisonment for 15 months, the sentences of imprisonment to run concurrently. Leon Owens has appealed to us.

On the night of August 13, 1952, Gwynne, an officer of the Alcohol & Tobacco Tax Division, with other officers and a private citizen, drove an automobile to the front of the residence of Leon Owens. When Gwynne blew the horn of the automobile, lights were turned on in the house and on the porch. Weeks came out of the house to the automobile, and Gwynne arranged for the purchase of liquor from Weeks. Weeks directed Gwynne to drive him several hundred yards from the house, where he went into the woods and came back with one-half gallon of non-tax paid whiskey which he was selling. Gwynne placed Weeks under arrest and Weeks showed the officers ten gallons more of the whiskey in the woods.

While this whiskey was being destroyed, Weeks escaped from the officers and ran back towards the house of Leon Owens with the officers in pursuit. As officer Gwynne reached the house, he observed a light in one of the rooms of the house and while in pursuit of Weeks, as he reached the open window of the room in which the light was on, he saw Leon Owens loading a pistol.

Gwynne (according to his testimony which was confirmed) called to Owens that he (Gwynne) was a federal officer and told Owens not to shoot, and, as Owens was apparently preparing to shoot, Gwynne again advised Owens that he (Gwynne) was a federal officer and ordered Owens to drop the pistol. Owens vigorously denied any statement by Gwynne that he was a federal officer.

Owens shot the pistol through the window several times, while Gwynne retreated to the road in front of the house. Owens also fired a shotgun through the open window, and Evelyn Owens fired a rifle into the yard from the rear of the house. When other officers arrived upon the scene, they and Gwynne returned to the yard of the house and Leon Owens and Evelyn Owens were placed under arrest.

We find no merit in appellant's contention that the entry of the officers up-

on the premises of appellant, without a search warrant or warrant of arrest, was illegal. At the time the automobile first stopped in front of appellant's residence, when the horn was blown and Weeks emerged from the house, there was no entry by the officers on these premises. Later, when such entry was made, the officers were in pursuit of Weeks, who had committed a felony in their presence. And no warrant was needed for the arrest of Leon Owens and Evelyn Owens after they had fired the shots discussed above. See, Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898; United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653; Johnson v. United States, 4 Cir., 199 F.2d 231; Martin v. United States, 4 Cir., 183 F.2d 436; United States v. Feldman, 3 Cir., 104 F.2d 255.

 Nor do we think the District Judge erred in not directing a verdict in favor of appellant. Though Owens denied that Gwynne, before Owens fired the shots, told Owens that he (Gwynne) was a federal officer, Gwynne's testimony was clear, and confirmed, that he did make this announcement. Questions of the credibility of witnesses are for the jury, which evidently believed Gwynne rather than Owens.

There was also sufficient evidence to take to the jury the question of the guilt of Owens on the liquor charge. Weeks, who was quite willing to sell the illicit liquor, was a nephew of Owens and stayed at the house of Owens, if, as, and when he wished. This liquor was concealed in the woods a very short distance from the house of Owens. Owens had a record of previous convictions for liquor offenses. It was certainly a jury question whether Owens, as he claimed, knew nothing of the liquor activities of Weeks here before us.

The only other question that gives us concern is the admission of certain parts of the testimony of Sylvester Simmons.

Owens had been questioned with respect to his connection with other offenses involving the handling of liquor. He had admitted shooting at Simmons but denied that the shooting had any connection with liquor. Simmons was allowed to testify that the shooting arose out of Owens' accusing him of stealing liquor and the testimony was admitted on the ground that it tended to show prior dealing in whiskey on the part of Owens, a matter very material in view of his denial of knowledge of the liquor found near his residence. Evidence tending to prove other offenses is admissible where it has probative value with respect to the crime charged, as tending to establish intent, purpose, design or knowledge. Breedin v. United States, 4 Cir., 73 F.2d 778; Bracey v. United States, 79 U.S.D.C. App. 23, 142 F.2d 85, 87-88. Where, as here, there is a reasonable basis for the admission of such testimony, the scope of the examination is a matter resting very largely in the discretion of the trial judge and we do not think that the discretion was abused here or that the admission of any testimony not clearly admissible could have affected the result.

The judgment of the District Court is, accordingly, affirmed.

Affirmed.