UNITED STATES of America,
Appellee,

v.

Theodore Roosevelt WALLACE,
Appellant.

No. 10712.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 4, 1966.

Decided Oct. 27, 1966.

Donald R. Taylor, Williamsburg, Va. (Court-appointed counsel), for appellant.

Roger T. Williams, Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and CRAVEN, Circuit Judges.

HAYNSWORTH, Chief Judge.

Wallace complains of his conviction of a violation of 18 U.S.C.A. § 111 as a result of an assault committed by him upon an agent of the Alcohol and Tobacco Tax Division. His complaint is that the District Court, to whom the case was tried without a jury, did not specifically resolve the factual question of the defendant's knowledge, at the time of the assault, that the victim was a federal agent. Even if that knowledge was absent at the time, we think the statutory offense was committed and the defendant properly convicted.

The defendant was working in an illicit still when it was raided by law enforcement officials, among them, an agent of the Alcohol and Tobacco Tax Division. According to the officers, the federal agent announced and identified himself, but the defendant claimed that he heard no such announcement and did not recognize the intruder. He struck at and hit the federal agent with a heavy stick or club before he was subdued.

Though the record would have abundantly justified a specific finding that the defendant did know that the man who approached him was a federal revenue agent, the District Court, nevertheless, declined to make that specific finding upon the ground that such knowledge was not an essential element of the offense.

In this posture of the case, we would be required to remand the case for additional findings of fact, unless we accept the District Court's theory of the reach of the statute. We do agree with it on that score, and, accordingly, affirm.

Title 18, § 111 prescribes a penalty for a forcible assault upon or interference with a federal official as defined in § 1114 while the official is "engaged in or on account of the performance of his official duties." The statute contains no words which can reasonably be said to require that the actor know at the time that the victim of the assault, or the person with whom he interferes, is a federal officer engaged in his official duty.

In many cases it has been assumed that the requirement of scienter was implicit in the statute. The assumption prob-

ably sprang from Pettibone v. United States, 148 U.S. 197, 13 S.Ct. 542, 37 L.Ed. 419, dealing with a different statute of somewhat similar purpose. Such an assumption was made by this Court in Owens v. United States, 4 Cir., 201 F.2d 749, where the issue tendered was the sufficiency of the record to support the finding that the defendant did know the official status of the victim. More recently, in United States v. Chunn, 4 Cir., 347 F.2d 717, we noted the difference of opinion on the subject, but felt it unnecessary to take a firm stand one way or another, since, in that case, it clearly appeared that the defendant did have such knowledge. There is no other case referring to the question in this Court, so that, in this jurisdiction, it is unresolved.

Elsewhere there have been a number of cases holding or assuming that actual knowledge of the federal official status of the victim was a necessary element of the offense.[1]

In McNabb v. United States, 6 Cir., 123 F.2d 848, reversed on other grounds, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, it was held that scienter is not a necessary element of an offense under 18 U.S.C.A. § 1114. That Section makes it unlawful to kill an officer of the United States while engaged in the performance of his official duties or on that account, and, with respect to the legal issue before us, it is indistinguishable from the related § 111. Nonfatal wounding of a federal officer engaged in his official duty requires no more specific intention than § 1114 requires upon a fatal wounding. This was recognized by the Fifth Circuit in Bennett v. United States, 5 Cir., 285 F.2d 567, in which it was held that specific knowledge of the official position of the victim was not an essential element of an offense under § 111.

More recently, the same position has been taken by the Second Circuit in United States v. Lombardozzi, 2 Cir., 335 F.2d 414, and that position was quite recently reaffirmed in United States v. Montanaro, 2 Cir., 362 F.2d 527.

As the Court of Appeals for the Second Circuit observed in *Lombardozzi*, "the meager legislative history suggests that in section 111 Congress merely sought to provide a federal forum for the trial of cases involving various offenses against federal officers in the performance of official duties." An attack which would constitute a common law offense of battery, for which the actor could be prosecuted and convicted in a state court, was made by the statute triable and punishable in a federal court if the victim was, in fact, a federal official engaged in the performance of his official duties. Insofar as the statute proscribes resistance, opposition, and intimidation of a federal official or interference with his performance of his official duties, an intentional and unlawful invasion of the rights of the victim is certainly contemplated and the statute does not proscribe reasonable force employed in a justifiable belief that it is exerted in self-defense. So long as the conduct is intended as an unlawful interference with a victim who, in fact, is a federal official engaged in his official duties, the conduct is within the reach of § 111.

Early in the history of this country, the Congress found it necessary to grant customs collectors and others the right to remove state prosecutions against them arising out of the performance of their official duties to a federal court for trial there.[2] It was but a corollary of such statutes that the antecedents of §§ 111 and 1114 were enacted to assure that those who unlawfully attacked or interfered with federal officials engaged

---

1. See, Hargett v. United States, 5 Cir., 183 F.2d 859; United States v. Bell, E.D.N.Y., 219 F.Supp. 260; United States v. Miller, D.Vt., 17 F.R.D. 486; United States v. Page, W.D.Va., 277 F. 459; United States v. Taylor, C.C.E.D.Va., 57 F. 391.

2. See, for instance, the Act of February 4, 1815, Chap. 31, § 8, 3 Stat. 195–198; the Act of March 2, 1833, Chap. 57, § 3, 4 Stat. 632, 633; Civil Rights Act of 1866, Act of April 9, 1866, 14 Stat. 27.

in their official duties were triable in a federal court and were not left to the possibly grave uncertainties of retribution in a state court in which the juries might be quite unsympathetic to the federal purpose. Knowledge that the victim was a federal official engaged in the performance of his official duties is critical at the time of trial, of course, but the underlying considerations of the Congress in the adoption of the statutes do not make such specific knowledge on the part of the defendant at the time the defendant acted an essential element of the offense.

We think the statute was properly construed in *Bennett, Lombardozzi* and *Montanaro*. With them, we agree that the offense was made out when it was proven that the defendant struck the revenue agent with the club without the necessity of a specific finding that he heard and understood the declarations of his identity and purpose.

Affirmed.