UNITED STATES of America,
Appellee,

v.

Robert Frederick LINN and Martha J.
Linn, Appellants.

Nos. 271–70, 272–70.

United States Court of Appeals,
Tenth Circuit.

Feb. 4, 1971.

Rehearing Denied Feb. 18, 1971.

Gordon L. Allott, Jr., Asst. U. S. Atty. (James L. Treece, U. S. Atty., with him on the brief), for appellee.

Paul Arabia, Wichita, Kan., for appellants.

Before HILL and SETH, Circuit Judges, and THEIS, District Judge.

THEIS, District Judge.

This is a direct appeal by Robert F. Linn and Martha J. Linn, his mother, from a conviction after trial by jury of violating 18 U.S.C.A. § 111.

On July 17, 1969, a complaint was filed against appellant Robert F. Linn in the District of Colorado, alleging that he assaulted one Philip J. Carney, a postal employee, in violation of 18 U.S.C.A. § 111. Based upon this complaint, a warrant was duly issued for the arrest of Robert F. Linn. On July 23, 1969, the United States Marshal for the District of Colorado, William H. Terrill, and a Deputy United States Marshal, Wallace Allen, went to the vicinity of appellants' home for the purpose of arresting Robert F. Linn. Deputy Allen testified that he had attempted to execute the warrant the preceding day but found no one present at the Linn residence.

Marshal Terrill and Deputy Allen had received information leading them to believe that the Linns would be arriving at their apartment late in the afternoon on July 23, 1969. They went to the vicinity of the Linn residence and stationed themselves, in an automobile, so that they could observe the apartment and the spot where they anticipated that the appellants would depart from the bus. Shortly after 6:00 p. m., the marshals observed the appellants get off a bus and proceed down an alley toward their apartment. The marshals drove a short distance toward the appellants and stopped. At this point Marshal Terrill got out of the car, approached the appellants and stated he was the United States Marshal and that he had a warrant authorizing the arrest of Robert F. Linn. Marshal Terrill also testified that he displayed his official credentials to

the appellants. At approximately the same time, Mr. Linn was handed a copy of the warrant and complaint by Deputy Allen. Robert F. Linn's testimony in this regard was the same, except he denied that Marshal Terrill produced his credentials. Linn testified he thought the whole situation was a "farce," and he tore the warrant and complaint in two and threw them on the ground.

When Robert F. Linn tore the warrant and complaint and threw them on the ground, Marshal Terrill and Deputy Allen proceeded to physically take hold of Robert F. Linn and handcuff him, and then place him in their automobile. Mr. Linn resisted this arrest and his testimony indicates that he attempted to escape, and that "there were arms and legs flying around." Marshal Terrill testified that he was kicked and Deputy Allen was struck by Robert F. Linn. Marshal Terrill also testified that Martha J. Linn was on his back trying to prevent him from handcuffing Robert F. Linn. Deputy Allen testified he was scratched on the face while helping Marshal Terrill subdue Mr. Linn.

Subsequent to this incident, a Grand Jury returned a three-count indictment charging, in the first count, that Robert F. Linn:

"* * * did forcibly assault, resist, oppose, impede, intimidate and interfere with Philip J. Carney, an employee in the Federal Service of the United States Post Office Department, Denver, Colorado, while the said Philip J. Carney was engaged in and on account of the performance of his official duties * * * "

in violation of 18 U.S.C.A. § 111. Count Two charged, in substantially the same language, that both appellants did forcibly assault, resist, oppose, impede, intimidate and interfere with Marshal Terrill while performing his official duties. Count Three charged that both appellants similarly violated 18 U.S.C.A. § 111 with respect to Deputy Allen.

Prior to trial, Count One was severed from the indictment and appellants proceeded to trial on Counts Two and Three. Robert F. Linn was found guilty on both Counts Two and Three; Martha J. Linn was acquitted on Count Two, but found guilty on Count Three. The instant appeal was subsequently perfected.

■ Appellants first contend that 18 U.S.C.A. § 111 is unconstitutionally vague, indefinite and ambiguous. We cannot agree. § 111 clearly gives a person of ordinary intelligence fair notice of what conduct is proscribed and meets the test of definiteness set out in United States v. Harriss, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1954).

■ Appellants next contend that the indictment is invalid because it was not approved by at least twelve Grand Jurors, as required by Rule 6 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. This contention has no merit in the face of the record before this Court, which clearly reflects that twenty-three Grand Jurors concurred in the indictment.

■ The appellants also complain of certain questions which were asked of prospective jurors during the voir dire examination by the trial court. As we have held on prior occasions, this is a matter within the sound discretion of the trial court and this discretion will not be disturbed on appeal absent a clear showing of abuse. Kreuter v. United States, 376 F.2d 654 (10th Cir. 1967), cert. denied, 390 U.S. 1015, 88 S.Ct. 1267, 20 L.Ed.2d 165 (1968). During the voir dire examination, one of the prospective jurors indicated that her brother-in-law was an employee of the United States Post Office. The trial court then inquired of this juror as to whether it would affect her deliberations if it appeared that the marshals were attempting to arrest Robert F. Linn for a prior assault on a postal employee, and she replied in the negative.

One of the elements of the offense proscribed by § 111 is that the federal officer assaulted be engaged in the performance of his official duties and not on a frolic of his own. United States v.

Heliczer, 373 F.2d 241 (2d Cir. 1967). This made it virtually certain that the fact that Robert F. Linn was charged with the prior assault of a postal employee would appear during the Government's case in chief. In United States v. Bowe, 360 F.2d 1 (2d Cir.), cert. denied, 385 U.S. 961, 87 S.Ct. 401, 17 L.Ed.2d 306 (1966), cert. denied sub nom., Collier v. United States, 385 U.S. 1042, 87 S.Ct. 779, 17 L.Ed.2d 686, rehearing denied, 386 U.S. 969, 87 S.Ct. 1040, 18 L.Ed.2d 127 (1967), it was held that where the pretrial record raises the possibility that some testimony may touch upon a certain fact, it is entirely proper to inquire on voir dire whether any juror might be prejudiced thereby.

Appellant Martha J. Linn also challenges the sufficiency of the evidence to sustain her conviction on Count Three of the indictment. In reviewing the evidence that was produced in the district court, we must consider the evidence in the light most favorable to the Government, together with any inferences which may be fairly drawn therefrom, to determine whether the jury could find guilt beyond a reasonable doubt. Thomas v. United States, 409 F.2d 730 (10th Cir. 1969).

The evidence tending to support the Government reflects that Martha J. Linn was on the back of Marshal Terrill while he and Deputy Allen were attempting to handcuff Robert F. Linn. It was during this period of time that Deputy Allen was scratched on the face. Both marshals were involved in attempting to subdue Mr. Linn, and one was on either side holding him while attempting to handcuff him. Suffice it to say that we think it was a reasonable inference from the evidence that Martha J. Linn was the person who scratched Deputy Allen.

■ Both appellants next assert that the conviction for "assault" cannot be sustained due to the fact that the evidence produced by the Government establishes a "battery" rather than an "assault." In support of this position the appellants cite numerous state court decisions. We have examined this argument and find it lacking in merit. The cases are numerous which hold that when the evidence shows there has been a battery of the federal officers, this is sufficient to sustain a conviction under § 111. See, e. g., United States v. Tijerina, 407 F.2d 349 (10th Cir. 1969); United States v. Wallace, 368 F.2d 537 (4th Cir. 1966).

■ The appellants also contend that the trial court erred in refusing to give certain tendered instructions to the jury. Appellants requested an instruction to the effect that a verdict of guilty under § 111 could not be returned unless it was shown that the accused knew the person assaulted was a federal officer. This was refused by the district court and, instead, the jury was instructed that knowledge of the official status of the victim is not an element of the offense proscribed by § 111. The ruling of the district court was correct.

Although this is the first time we have been squarely faced with this issue, it is not a novel one, and several circuits have recently concluded that scienter by the accused of the official capacity of his victim, which the Government must prove, is not an element of the offense. United States v. Kartman, 417 F.2d 893 (9th Cir. 1969); Burke v. United States, 400 F.2d 866 (5th Cir. 1968), cert. denied, 395 U.S. 919, 89 S.Ct. 1771, 23 L.Ed.2d 237 (1969); United States v. Wallace, 368 F.2d 537 (4th Cir. 1966); United States v. Heliczer, 373 F.2d 241 (2nd Cir.), cert. denied, 388 U.S. 917, 87 S.Ct. 2133, 18 L.Ed.2d 1359 (1967).

We have examined these decisions and find the holding and reasoning of these circuits to be most persuasive. These cases hold that specific knowledge of the truth of the fact that the victim is a federal officer is not an essential element of the forcible act under Section 111. These cases do not hold that the statute eliminates mens rea—the evil purpose or mental culpability which was the essential mental component of common law assault and battery.

Appellant contend that to interpret Section 111 as not requiring specific scienter or knowledge that the assaulted person was a federal officer violates the holding of Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952), to the effect that legislative silence does not eliminate criminal intent from a statutory codification of a common law crime which required mens rea. This same argument was raised in the *Kartman* case and the Court concluded that:

"This interpretation of the forcible assault prohibition in section 111 as requiring only mens rea, and not also specific knowledge of the victim's official status, comports with the legislative purpose, which was simply to provide a federal forum when the enumerated offenses were committed against federal officers engaged in the performance of federal duties. (Citations omitted.)" United States v. Kartman, supra, 417 F.2d 895.

■ We are of the opinion that the cases relied upon by the appellants are factually distinguishable from the case at bar. As noted in *Kartman*, the fact that the victims of the assault were federal officers acting in their official capacity must, of course, be proven by the Government, but only for jurisdictional purposes, i. e., to establish that the federal court is the proper forum for trying the offense defined by Section 111. The Court notes that the trial judge correctly instructed the jury as to bad purpose or guilty mind being an element of the offense, which would have encompassed mistake of fact as a valid defense.

■ Appellant Robert F. Linn next contends that the trial court erroneously refused to give an instruction entitling him to rely upon a defense of self-defense. In this regard, it should be noted that under certain factual circumstances the rule regarding scienter might be subject to modification. In other words, a person who has no actual knowledge, or reason to believe, that he is being arrested, may be justified in resisting what the circumstances indicate to be a hostile attack upon his person. United States v. Heliczer, supra. Also, where the gist of the offense is that the accused resisted, opposed, impeded, intimidated or interfered with the federal officer, scienter might not be required. Burke v. United States, supra. However, this was not the situation in the instant case. Appellant Robert F. Linn testified that the assaulted men said they were United States Marshals, and that they had a warrant· for his arrest. Mr. Linn further testified that the marshals handed him the warrant, which he tore in two and threw to the ground. With the evidence in this posture, it was entirely proper for the trial court to refuse an instruction regarding self-defense. The arrest was valid in every respect and the record is void of any circumstances which would entitle Mr. Linn to rely upon the doctrine of self-defense. Although Robert F. Linn testified that in his own subjective mind he thought possibly he was being assaulted, this is insufficient to invoke the doctrine in his defense. It is the circumstances surrounding the incident and the reasonableness of such a belief that must be examined to determine whether the defense is available.

■ In the instant case the trial court was correct in refusing to give the instruction requested, since the record is devoid of any facts which would allow the appellant to rely on the defense. Instructions should be confined to the issues in the case and the facts developed by the evidence, and the fact that an instruction may be a correct statement of abstract law, does not mean that it must be given where it relates to matters without the scope of the evidence. Velasquez v. United States, 244 F.2d 416 (10th Cir. 1957).

■ Appellant Martha J. Linn also contends that she was entitled to an instruction to the effect that as a bystander she had the right to come to the aid of her son in resisting arrest if she had the reasonable belief that the arrest was not being made by a Untied States Mar-

shal. With reference to the state of the evidence outlined in the preceding paragraph, this instruction was properly refused. See also, United States v. Vigil, 431 F.2d 1037 (10th Cir. 1970).

The other questions raised by the appellants have been considered and we find them to be without merit and not to warrant detailed discussion.

Affirmed.