THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. EDWIN FELICIANO GRAFALS, Defendant and Appellant.

No. CR-71-64.          Decided April 21, 1972.

*Alberto L. Márquez* for defendant. *Gilberto Gierbolini, Solicitor General,* and *Augusto A. Cirino, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant was convicted of a violation of § 137 of the Penal Code, 33 L.P.R.A. § 495,[1] in trial de novo held before the Superior Court, Aguadilla Part. He was sentenced to serve two months in jail and a fine of $100 was imposed upon him. On this appeal he assigns as error that his contentions that the information does not charge facts constituting an offense were dismissed. He also assigns that the evidence for the prosecution was insufficient to convict, question which he raised and was adversely decided by the trial court.

As to the information he argues that it does not expressly allege that the defendant knew or had knowledge that the policeman was acting in his official capacity or the specific acts constituting the "interruption, delay or obstruction of justice."

We do not agree. The information contains the allegations proper of a violation of § 137 of the Penal Code. In it it was alleged that on October 7, 1969, at 10:25 a.m. in Aguadilla, Puerto Rico:

---

[1] The aforementioned section reads:

"Every person who wilfully resists, delays, or obstructs any public officer, in the discharge or attempt to discharge any duty of his office, when no other punishment is prescribed, is punishable by fine not exceeding five thousand (5,000) dollars, and imprisonment in jail not exceeding one year."

"The aforementioned defendant, Edwin Feliciano Grafals, there and then, illegally, voluntarily and maliciously, violated the provisions of § 137 of the Penal Code of Puerto Rico consisting in that at the time, date, and place indicated above, while the informer herein was trying to arrest his brother Harry Feliciano Grafals, for breach of the public peace, defendant herein delayed and obstructed the aforesaid agent who is a public officer in the performance of his official duties, upon interposing himself between them and telling his brother to get into the residence and not to permit his arrest and not to tell his name. That defendant knows the informer herein as an agent of the public order in the Puerto Rico Police. That upon attempting to effect the arrest which could not be performed, I was acting in my official capacity."

■ The information describes appellant's acts upon intervening with his brother's arrest. The allegations that he delayed and obstructed the informer agent in the performance of his official duties upon interposing himself between them and telling his brother to get into the residence and not to permit his arrest and not to tell his name, preceded by the allegation that "there and then, [he acted] illegally, voluntarily, and maliciously" constitute a statement of the essential facts of the offense, defendant was informed that he was being charged with the commission of the offense in a voluntary manner and not inadvertent of the agent's public duties placing him in a position to defend himself. That is what is required. Rule 35 of the Rules of Criminal Procedure. *People* v. *Ayuso*, 25 P.R.R. 360 (1917).

■ In California, from where § 137 of our Penal Code comes, it has been sustained that the element of defendant's knowledge of the position or duty of the officer is not a requirement of the offense under § 148 of that state's Penal Code which is equivalent to ours. *People* v. *Scrivens*, 81 Cal. Reptr. 86, 89 (Court of Appeals, 2nd District, 1969). In the federal sphere the rule in the majority of the circuits in connection with a similar federal offense (18 U.S.C. § 111) is

that knowledge that it is a question of a public officer in the performance of his official duties is not required. *United States v. Heliczer*, 373 F.2d 241, 247–249 (2d Cir. 1967); *United States v. Wallace*, 368 F.2d 537 (4th Cir. 1966); *Bennett v. United States*, 285 F.2d 567 (5th Cir.); *cert. den.*, 366 U.S. 911 (1961); *United States v. Ganter*, 436 F.2d 364 (7th Cir. 1970); *United States v. Kartman*, 417 F.2d 893 (9th Cir. 1969). In the *Heliczer* case, *supra*, the Second Circuit held that if a bystander who witnesses an arrest intervenes, he is taking the risk of a completely lawful arrest and it is his duty to inquire first into the nature of the authority of the one making it. There could be extreme circumstances, the court acknowledges, justifying the intervention of a bystander, but in the absence of evidence regarding same, it is not necessary to take that possibility into account upon instructing the jury. See *Scienter as element of offense of assaulting, resisting, or impeding federal officer* (18 U.S.C. § 111), 10 A.L.R.3d 833; 3 Wharton's *Criminal Law and Procedure* 632–635.

In the second assignment of error appellant sets forth that the People's evidence was insufficient to convict. The evidence solely consisted of the testimonies of the police informer and of appellant. The policeman testified that he was riding in an unidentified vehicle along Mercado Street in Aguadilla on the way to the police station. He was dressed in civilian clothes (Tr. Ev. p. 8). On the way he saw an individual who happened to be appellant's brother, shouting and using obscene phrases on the street's sidewalk. The agent stopped, got out of the vehicle, informed the individual that he was a policeman, ordered him to stop because he wanted to talk to him. (Tr. Ev. p. 8.) To this the individual answered "You are a policeman? Catch me if you can" and started running toward a two-story house. There he reached him, tried to detain him to take him to the police station, because he was trying to grab some instrument to hit him.

After a struggle the policeman grabbed him by the shoulder. Then appellant showed up and asked him what was the matter with his brother. (Tr. Ev. p. 10.) The informer answered that he was a policeman and that he had arrested his brother. (Tr. Ev. p. 13.) The policeman testified:

"A. I informed him that I was detaining, arresting his brother for a breach of the peace and that I was taking him to the police station, it was then that he interposed himself between the two of us.

Q. Go ahead.

A. Saying that I was not going to arrest his brother and telling him to go up to the second floor, that I was violating his rights in penetrating a property, his property.

Q. What happened then?

A. The brother started running and left toward a corner, then I told him to bring his brother to me and moved out to the sidewalk. There he told me that he was not going to give the name or to take me to his brother.

Q. He told you that he was not going to give the name?

A. Neither his nor his brother's name.

Q. Go on.

A. Then I went to a business in front to ask his name but the gentleman there was a little nervous, he refused to tell me the name then, further down the street I was able to find out that they were the Feliciano Grafals brothers.

Q. Go ahead.

A. Then I told him that he was summoned to appear next day at the police station.

 .    .    .    .    .    .    .    .

A. To both of them, that they were summoned to appear next day at the district court at nine in the morning." (Tr. Ev. pp. 10–11.)

Appellant in his testimony presented a version which rather tended to establish an assault against his brother, a pugnacious attitude on the part of the informer and that the latter did not identify himself as a police agent. (Tr. Ev. pp. 32–34.)

As to the arrest, the policeman testified that he was unable to perform it because "they got into the house and did not want to come out." (Tr. Ev. p. 27.)

■ Giving credit to the evidence introduced, as it evidently deserved from the trial court, the same is sufficient as to all the essential elements of the offense. Appellant's intervention and opposition were acts of resistance which actually interfered with the agent's official duties, thwarting the arrest of appellant's brother as a result of that behavior. *People* v. *Aponte Soto,* 99 P.R.R. 181 (1970).

The judgment appealed from will be affirmed.

Mr. Chief Justice Negrón Fernández took no part in the decision of this case.