**UNITED STATES of America, Appellee,**

v.

**Drake K. TAYLOR, Appellant.**

**No. 75–1681.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted May 21, 1976.

Decided July 6, 1976.

**1344**

Donald W. Bostwick, Wichita, Kan., for appellant.

Benjamin L. Burgess, Jr., Asst. U. S. Atty., Wichita, Kan. (E. Edward Johnson, U. S. Atty., Topeka, Kan., with him on the brief), for appellee.

Before LEWIS, Chief Judge, and SETH and HOLLOWAY, Circuit Judges.

PER CURIAM.

Appellant was charged with various counts of violating the federal drug laws and with assaulting a federal officer in violation of 18 U.S.C. § 111. Disposition of the drug charges is not in issue. He appeals his conviction of assault.

Pursuant to Rule 16, Fed.R.Crim.P., appellant sought discovery and production of statements made by him to any law enforcement officer. After a hearing on the motion, the trial court denied the request. The court also advised the parties that relevant material would be made available pursuant to 18 U.S.C. § 3500.

Jury trial was held on June 25–26, 1975. John Hinkle, an undercover agent for the Drug Enforcement Administration of the Department of Justice testified for the prosecution. He had met appellant through another undercover agent and arranged to make a drug purchase from him on February 13, 1975. Hinkle met appellant and David Allen on that date and negotiated the purchase in the camper on Allen's truck. He left the truck on the pretense of getting money and returned to the camper to make the arrest. Hinkle testified that he opened the camper door, pointed a pistol at appellant and Allen, and identified himself as a federal officer. He said that he showed the occupants his badge and told them they were under arrest. A scuffle ensued and appellant stabbed agent Hinkle.

David Allen, appellant's companion, had entered guilty pleas to reduced charges arising out of the same incident and testified for the Government. He stated that when agent Hinkle opened the door and pointed a gun at them, he "indicated in some manner that this was a bust." He admitted that he and appellant had attacked Hinkle and fled. On cross-examination, Allen conceded that he had been under the influence of drugs on the day in question.

At the close of the Government's case, appellant moved for a judgment of acquittal on insufficiency of the evidence, and for mistrial on grounds that Allen's testimony was totally incompetent. The motions were denied.

Appellant was the sole defense witness. He testified that agent Hinkle never identified himself as a federal officer and never told him that he was being arrested. Appellant said that he thought he was being "ripped off" and that he feared for his life. On cross-examination he denied ever telling his arresting officer that he thought agent Hinkle's "badge was phony."

The defense rested and prosecution called Officer Espinoza, the arresting state officer, as a rebuttal witness. Espinoza testified that on the way to the station, appellant said "something went wrong . . . I thought his badge was phony." Appellant did not object to Officer Espinoza's testimony, but requested reports of the arrest pursuant to 18 U.S.C. § 3500. The Government produced a written report of the arrest which omitted any reference to the above-noted conversation.

Based upon this evidence, the jury found appellant guilty of assaulting agent Hinkle.

■ Appellant first contends the trial court erred by refusing to allow him to discover the substance of his statements to Officer Espinoza. It is well settled that Rule 16, as it existed at the time of trial, would not allow appellant to discover his

oral statements to Officer Espinoza. *United States v. Dioguardi,* 332 F.Supp. 7 (S.D.N.Y.); *United States v. Dorfman,* 53 F.R.D. 477 (S.D.N.Y.). It is equally clear that amendments to Rule 16, proposed but not effective at the time of trial, would have compelled the Government to disclose the substance of appellant's oral statement to the officer.

The record establishes that the existence of Taylor's statement to Officer Espinoza was not known at the time the United States responded to appellant's motion for discovery. No information relating to the oral statement of Taylor was contained in the written arrest report. The existence of the statement became known to the Government apparently at the start of the trial.

█ Appellant did not at trial assert any violation of the pretrial omnibus agreement and the issue became an evidentiary matter at trial. *United States v. Wilcox,* 507 F.2d 364 (4th Cir.); *United States v. Joyner,* 494 F.2d 501 (5th Cir.). There was no objection by defense counsel either to the question asked Taylor on cross-examination relating to his telling Espinoza he thought the badge was phony, or to calling Espinoza as a rebuttal witness. This, however, is not significant because there was yet nothing to alert counsel to a problem. However, there was no objection made to the testimony of Espinoza given above, and this was significant and critical on appellant's point on appeal. The problem was then obvious, and the trial court had no opportunity to exercise its discretionary power relative to the question here presented. The court could assume defendant had decided not to seek any sanctions for violation of Rule 16. The court, upon proper objection, could have granted appellant a continuance or prohibited the introduction of Espinoza's testimony. However, without objection, the appellant must now show plain error. *United States v. Nelson,* 448 F.2d 1304 (10th Cir.). We find no such error on this record.

█ Appellant next contends the trial court erred in denying his motion for mis-trial grounded on the contention that witness Allen was a drug addict who had no recollection of the events of the case. The trial court denied the motion holding that appellant was free to cross-examine Allen on the matter, and that Allen's drug addiction went only to his credibility and not to his competency. The trial court did not err in this regard. *United States v. Killian,* 524 F.2d 1268 (5th Cir.); *United States v. Haili,* 443 F.2d 1295 (9th Cir.).

Appellant's final contention centers on the propriety of the court's instruction relative to the issue of self-defense. While the jury was instructed that appellant's knowledge of the agent's identity was not an essential element of the crime charged, it was also instructed how lack of such knowledge may constitute a defense to the charge.

█ When the instructions are viewed in their entirety, *Young v. Anderson,* 513 F.2d 969 (10th Cir.), we are convinced that the jury received an accurate statement of the law on this issue. The court included the holding of the Supreme Court in *United States v. Feola,* 420 U.S. 671, 95 S.Ct. 1255, 43 L.Ed.2d 541 and by this court in *United States v. Linn,* 438 F.2d 456 (10th Cir.).

AFFIRMED.