930 F.2d 33
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Ray W. HUGHES, Petitioner-Appellant,
v.
Dareld KERBY, Respondent-Appellee.
 No. 90-2203.
 United States Court of Appeals, Tenth Circuit.
 Feb. 22, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Hughes, a state inmate, appeals the denial of habeas relief.
 
 
 3
 Mr. Hughes was convicted of six felonies under New Mexico law and sentenced to nineteen years of imprisonment. Mr. Hughes' convictions were affirmed by the New Mexico Court of Appeals and the New Mexico Supreme Court. Mr. Hughes unsuccessfully pursued post-conviction relief in the New Mexico courts.
 
 
 4
 Mr. Hughes then sought federal habeas relief arguing that he was denied his due process right to a fair preliminary hearing and Sixth Amendment right to confrontation at the same preliminary hearing. The district court referred the matter to a magistrate who recommended the district court deny relief based upon the record, and this the district court did.
 
 Mr. Hughes appeals asserting:
 
 5
 The alleged denial of rights is based upon the combined effect of the prosecutor's knowing use of perjured testimony of the state's immunized complaining witness, the use of testimony given by another key complaining witness who later confessed to having been under the influence of amphetamine during the preliminary hearing, and the testimony of these two witnesses as to the events which formed the basis of the probable cause determination derived from observations they made while both were under the influence of heavy amphetamine usage.
 
 
 6
 (Appellant's Brief at 1-2.)
 
 
 7
 The magistrate, after examining the trial record, determined that: (1) the testimony was not perjured; (2) the prosecutor did not knowingly present false evidence; and (3) the drug use of the witnesses could have been raised at the preliminary hearing by defendant and was not. There is ample evidence in the record to support these conclusions.
 
 
 8
 We have carefully considered the arguments raised by Mr. Hughes and we are unpersuaded. This case is largely fact bound and it will serve no purpose to detail these facts. It is sufficient to state that the record supports the magistrate's proposed findings.
 
 
 9
 We therefore AFFIRM the judgment of the district court for substantially the same reasons set forth in the document entitled "Magistrate's Second Proposed Findings and Recommended Disposition," entered July 19, 1990, a copy thereof being attached hereto.
 
 
 10
 The mandate shall issue forthwith.
 
 
 11
 ATTACHMENT "A"
 
 IN THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF NEW MEXICO
 
 12
 RAY W. HUGHES, Petitioner,
 
 
 13
 v.
 
 
 14
 DARELD KERBY, Respondent.
 
 Civ. No. 89-0195 SC
 July 19, 1990
 
 15
 MAGISTRATE'S SECOND PROPOSED FINDINGS AND RECOMMENDED
 
 DISPOSITION
 Proposed Findings
 
 16
 1. Petitioner, currently confined in the Central New Mexico Correctional Facility at Los Lunas, New Mexico, brings this action pursuant to 28 U.S.C. Sec. 2254 challenging the constitutional validity of the judgment and sentence of the District Court of Chaves County, New Mexico, entered in State v. Hughes, No. CR-86-295. Dareld Kerby, Warden of the Central New Mexico Correctional Facility, is petitioner's custodian.
 
 
 17
 2. Respondent's assertion that this petition should not be considered because of petitioner's failure to raise the matter in state court has been addressed in the Magistrate's Proposed Findings and Recommended Disposition filed June 13, 1989, which are incorporated herein by reference.
 
 
 18
 3. Petitioner was charged with various offenses in a criminal information filed in the District Court for Chaves County, and certain of the counts dealing with the manufacture of or trafficking in controlled substances between February, 1986, and September 16, 1986. Criminal Information, Record Proper 1, 2.
 
 
 19
 4. Following a jury trial, petitioner was convicted of trafficking in Schedule II controlled substance by manufacturing, racketeering, conspiracy to commit trafficking by manufacturing of P-2-P and/or methamphetamine, conspiracy to commit racketeering, receiving stolen property, and possession of drug paraphernalia. Verdicts, Record Proper 106-111.
 
 
 20
 5. Following the filing of a supplemental criminal information charging petitioner as an habitual criminal offender (Record Proper 116), on October 19, 1987, petitioner was sentenced to two consecutive nine year terms in prison together with certain shorter concurrent sentences. Answer, Exhibit A.
 
 
 21
 6. Petitioner's conviction was affirmed by the New Mexico Court of Appeals (Answer, Exhibit P), and a petition for writ of certiorari filed in the Supreme Court of New Mexico was denied (Answer, Exhibits Q and R). Petitioner sought a writ of habeas corpus in Chaves County (Answer, Exhibit BB), which was denied (Answer, Exhibit EE). Consistent with the previous proposed findings, the "cause" and "prejudice" test of Francis v. Henderson, 425 U.S. 536 (1976), in instances of procedural default does not properly apply to this petition. Petitioner has exhausted his remedies in state court.
 
 
 22
 7. The issues presented in this petition as set out in petitioner's memorandum brief are as follows:
 
 
 23
 Further, the petitioner was denied his due process right to a fair preliminary hearing by the prosecutor's knowing use of perjured testimony, testimony given by a witness under the influence of drugs and testimony pertaining to events observed while the witnesses were under the influence of drugs when such testimony was the basis for a finding of probable cause.
 
 
 24
 Petitioner's Memorandum Brief, p. 1.
 
 
 25
 8. At petitioner's preliminary hearing, the witness Israel DeLaRosa testified.
 
 
 26
 9. At petitioner's trial, Israel DeLaRosa testified that he had seen petitioner manufacture methamphetamine.[1] Trial Tape (TT) 7, 31.30-32.00; TT 7, 33.58-34.06; TT 7, 35.20-35.29. When asked on cross examination whether he had testified at the preliminary hearing that he had not seen Hughes manufacture the drug, DeLaRosa, apparently believing that he had so testified at the preliminary hearing, admitted "lying" at the preliminary hearing. TT 8, 10.35-11.31.
 
 
 27
 10. Notwithstanding Israel DeLaRosa's statement that he had lied at petitioner's preliminary hearing, the record of that hearing does not indicate that DeLaRosa testified falsely, that the alleged "false testimony" was material to the case, or that the prosecutor knowingly presented false evidence through DeLaRosa; consequently, there was no due process violation. See, Talamante v. Romero, 620 F.2d 784, 790 (10th Cir.1980), cert. denied, 449 U.S. 877 (1980).
 
 
 28
 11. Laura and Israel DeLaRosa were admitted users of amphetamines. Any question as to their impaired ability to observe matters about which they testified, or their impaired ability to testify caused by drug use were matters which could be raised by cross-examination at the time of the preliminary hearing or at trial. The Magistrate at the preliminary hearing had adequate opportunity to observe the witnesses when they testified. The fact that a witness is an addict goes to credibility and weight, not competency. United States v. Taylor, 536 F.2d 1343, 1345 (10th Cir.1976), cert. denied, 429 U.S. 962 (1976).
 
 
 29
 12. Petitioner was not deprived of a fair preliminary examination by reason of Israel or Laura DeLaRosa's testifying while he or she was under the influence of amphetamines; nor was Petitioner deprived of a fair preliminary hearing by reason of the State's knowing use of perjured testimony from Israel DeLaRosa.
 
 
 30
 13. The conflict in the trial testimony between police officer Fred Hill and Israel DeLaRosa as to when DeLaRosa became a police informant does not show that either witness was committing perjury. Each witness had some difficulty ascertaining the time of the onset of the informant relationship, and there is no reasonable likelihood that the allegedly false testimony by DeLaRosa could have affected the jury's verdict; accordingly, this immaterial testimony, even if mistaken, does not violate due process. Talamante v. Romero, 620 F.2d 784, 790 (10th Cir.1980), cert. denied, 449 U.S. 877 (1980).
 
 
 31
 14. Petitioner does not show that any exculpatory evidence was withheld so as to raise any question under Brady v. Maryland, 373 U.S. 83 (1963). Any failure to disclose was insignificant and was not reversible error. United States v. Bagley, 473 U.S. 667, 677-678 (1985).
 
 Recommended Disposition
 
 32
 The petition should be dismissed with prejudice.
 
 
 33
 / § / William W. Deaton
 
 United States Magistrate
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Portions of the testimony are attached as an Appendix to these Proposed Findings. Tape references in the Appendix and below are to the numbers, which are measured in minutes and seconds, on a Sony BM-80 dictator/transcriber