**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4827**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

REUBEN AUGUSTINE ALVAREZ, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:08-cr-00566-RDB-1)

Submitted: August 29, 2011          Decided: September 6, 2011

Before WILKINSON and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Sapna Mirchandani, Staff Attorney, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Ayn B. Ducao, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On April 11, 2007, United States Drug Enforcement Administration (DEA) Agents attempted to arrest Reuben Augustine Alvarez, Jr. pursuant to an arrest warrant. One car, carrying two agents, was angled across the street from the home where Alvarez was staying in order to prevent Alvarez from driving away. Nevertheless, Alvarez accelerated his vehicle toward the car carrying the two agents, striking it, as well as a parked car, before squeezing through the space and driving off. The agents were unable to arrest Alvarez that day. Eight days later, when confronted by law enforcement officers, Alvarez again fled. He was arrested a few minutes later.

Based on the April 11 incident, a jury convicted Alvarez of two counts of assaulting a federal officer with a dangerous weapon, in violation of 18 U.S.C. § 111 (2006), one count for each of the DEA agents in the car that Alvarez hit. The district court calculated Alvarez's sentencing range as fifty-seven to seventy-one months, and imposed a variance sentence of thirty-six months of imprisonment. Alvarez asserts six claims of error on appeal. As explained below, we affirm in part and vacate and remand in part.

First, Alvarez argues that he should not have been convicted of two counts of assaulting a federal officer, because he committed only one assaultive act. Whether his double

2

conviction was in error is reviewed for plain error, because Alvarez did not make this argument before the district court. United States v. Benton, 523 F.3d 424, 429 (4th Cir. 2008). The Government concedes, and we agree, that his double conviction was plainly erroneous. See Ladner v. United States, 358 U.S. 169, 178 (1958) ("We thus hold that the single discharge of a shotgun . . . would constitute only a single violation of [the prior statutory section for 18 U.S.C. § 111]."). Accordingly, we vacate the conviction on Count Two and remand this action to the district court for the entry of an amended judgment.

Second, Alvarez argues that district court erred in denying his motion for judgment of acquittal because the evidence was insufficient to prove the requisite criminal intent. This Court reviews the district court's denial of a motion for judgment of acquittal de novo. United States v. Green, 599 F.3d 360, 367 (4th Cir.), cert. denied, 131 S. Ct. 271 (2010).

> In reviewing the sufficiency of the evidence following a conviction, the court is to construe the evidence in the light most favorable to the government, assuming its credibility, and drawing all favorable inferences from it, and will sustain the jury's verdict if any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt.

United States v. Penniegraft, 641 F.3d 566, 571 (4th Cir. 2011) (citation and emphasis omitted).

3

To sustain a conviction for assaulting a federal officer with a dangerous weapon in violation of 18 U.S.C. § 111, the Government must prove that Alvarez used a dangerous weapon to forcibly assault, resist, oppose, impede, intimidate, or interfere with any designated federal officer while that officer was performing official duties. 18 U.S.C. § 111(a)-(b). Section 111 "does not proscribe reasonable force employed in a justifiable belief that it is exerted in self-defense." United States v. Wallace, 368 F.2d 537, 538 (4th Cir. 1966).

"[T]he quantum of force which one may use in self-defense is proportional to the threat which he reasonably apprehends." United States v. Black, 692 F.2d 314, 318 (4th Cir. 1982). "[W]here a defendant charged with violating § 111 claims that he was unaware that the victim was a federal officer, the question becomes: would the defendant have been justified, because of the agent's actions, in using force against the agent had the latter, in fact, been a 'civilian.'" United States v. Hillsman, 522 F.2d 454, 460 (7th Cir. 1975).

Here, there was more than sufficient evidence to establish that on April 11, Alvarez used force against the DEA agents that was disproportionate to any reasonably apprehended potential threat. Alvarez accelerated toward the car carrying the two agents, even though their car was parked and even though one of the agents had opened his door and begun to exit. There

4

was no evidence that the agents displayed any weapons or called out any threats. Because there was sufficient evidence to support the jury's finding that Alvarez acted with the requisite criminal intent to support a conviction for assaulting a federal agent, and sufficient evidence to disprove any allegation of self defense, the district court did not err in denying Alvarez's motion for judgment of acquittal.

Third, Alvarez argues that the district court erred in declining to include the entire jury instruction that he requested. This Court "review[s] a district court's decision whether to give a jury instruction for abuse of discretion." United States v. Lighty, 616 F.3d 321, 366 (4th Cir. 2010), petition for cert. filed, 80 U.S.L.W. 3015 (U.S. Feb. 4, 2011) (No. 10-1010).

> A district court commits reversible error in refusing to provide a proffered jury instruction only when the instruction (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense.

Id. In determining whether the district court erred in instructing the jury, this Court reviews the district court's jury instructions as a whole and in the context of the entire charge. Rowland v. Am. Gen. Fin., Inc., 340 F.3d 187, 191 (4th Cir. 2003).

5

Here, Alvarez requested that the court include a jury instruction first specifying that there may be cases where "ignorance of the official status of the person assaulted or resisted negates the very existence of criminal intent needed to find the defendant guilty" and next providing an example. The district court gave the instruction requested by Alvarez, except for the part that set forth a specific example. We conclude that the part of Alvarez's requested jury charge setting forth a specific example was substantially covered by the rest of the jury charge and the district court did not commit reversible error in declining to add it.

Fourth, Alvarez argues that the district court erred in admitting evidence of his flight from law enforcement officers eight days after the April 11 incident. "Evidence of other crimes, wrongs, or acts is not admissible" if that evidence is used to prove the character of the defendant "in order to show action in conformity therewith." Fed. R. Evid. 404(b). However, such evidence is admissible for other purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). "Rule 404(b) is an inclusionary rule, allowing evidence of other crimes or acts to be admitted, except that which tends to prove only criminal disposition." Penniegraft, 641 F.3d at 574 (citation omitted).

6

Whether a district court properly admitted evidence under Rule 404(b) is an evidentiary ruling that is reviewed for abuse of discretion. United States v. Gray, 405 F.3d 227, 238 (4th Cir. 2005). An abuse of discretion occurs only when "the [district] court acted arbitrarily or irrationally in admitting evidence." Penniegraft, 641 F.3d at 574.

Here, Alvarez's flight from law enforcement officers eight days after the April 11 incident was relevant to prove Alvarez's lack of mistake. Thus, because the evidence was both relevant and not more prejudicial than probative, the district court did not err in admitting it.

Fifth, Alvarez argues that the district court erred in applying a four-level sentencing enhancement under U.S. Sentencing Guidelines Manual (USSG) § 2A2.2(b)(2)(B) (2009), for use of a vehicle as a dangerous weapon, on the ground that it punished Alvarez twice for the same factor because the fact that he had used a vehicle as a dangerous weapon had already been incorporated into the base offense level for aggravated assault. Alvarez acknowledges that this court has expressly authorized this enhancement in this situation. United States v. Williams, 954 F.2d 204 (4th Cir. 1992). Accordingly, the district court did not err in applying the enhancement.

Finally, Alvarez argues that the district court erred in applying a three-level enhancement under USSG § 3A1.2(b).

7

Typically, the district court's determination that a sentencing enhancement is warranted is a factual determination reviewed for clear error. United States v. Thorson, 633 F.3d 312, 317 (4th Cir. 2011). However, "when a party does not preserve an argument in the district court, we review only for plain error." United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010). Plain error review is warranted in this case because although Alvarez initially objected to the three-level enhancement under USSG § 3A1.2(a), counsel for Alvarez specifically withdrew that objection. "To establish plain error, the appealing party must show that an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights." Lynn, 592 F.3d at 577. Even if we assume the district court erred, Alvarez has failed to establish that the error affected his substantial rights. The district court imposed a below-Guidelines sentence and Alvarez has presented no evidence that the district court would have sentenced him any more leniently had the USSG § 3A1.2(a) enhancement not applied.

Accordingly, we affirm Alvarez's conviction and sentence on Count One. We vacate the conviction on Count Two, vacate the judgment, and remand for entry of an amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

                                        AFFIRMED IN PART, VACATED IN PART, AND REMANDED