**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4839**

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

JAMES A. MATHENY,

          Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Thomas E. Johnston, District Judge. (2:12-cr-00068-1)

Submitted: April 19, 2013          Decided: May 2, 2013

Before NIEMEYER, AGEE, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark McMillian, MARK MCMILLIAN - ATTORNEY AT LAW, L.C., Charleston, West Virginia, for Appellant. R. Booth Goodwin, II, United States Attorney, Thomas C. Ryan, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James A. Matheny appeals from his convictions for assaulting a federal officer with a deadly weapon and brandishing a firearm during and in relation to a crime of violence. The evidence showed that, in response to questioning outside of his home regarding an ongoing investigation, Matheny aimed a pistol at a federal officer and a state investigator assisting that officer and threatened to kill them. Matheny asserts on appeal that the evidence was insufficient to show that he did not act in self-defense and that he "used" the firearm. We affirm.

When an appellant challenges the sufficiency of the evidence, the "jury verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc) (emphasis and internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010) (internal quotation marks and citation omitted). In determining whether substantial evidence supports the verdict, we "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable

2

inferences from the facts proven to those sought to be established." United States v. Cameron, 573 F.3d 179, 183 (4th Cir. 2009) (internal quotation marks and citations omitted). "Appellate reversal on grounds of insufficient evidence . . . will be confined to cases where the prosecution's failure is clear." Green, 599 F.3d at 367 (internal quotation marks and citation omitted). Matheny's counsel objected to the sufficiency of the evidence at trial, but the district court found sufficient evidence to submit the matter to the jury. Thus, we review the sufficiency of the evidence de novo. Id.

Matheny first argues that he was unaware of the status of the law enforcement victims, and thus, he acted in proportional self-defense to a situation where two men, larger than he was, trespassed on his land and confronted him. Accordingly, he contends that the Government failed to prove, beyond a reasonable doubt, that he did not act in self defense.

To sustain a conviction for assaulting a federal officer with a dangerous weapon in violation of 18 U.S.C. § 111 (2006), the Government must prove that Matheny used a dangerous weapon to forcibly assault, resist, oppose, impede, intimidate, or interfere with any designated federal officer while that officer was performing official duties. We have held that § 111 "does not proscribe reasonable force employed in a justifiable belief that it is exerted in self-defense." United States v.

Wallace, 368 F.2d 537, 538 (4th Cir. 1966). We have explained that "the quantum of force which one may use in self-defense is proportional to the threat which he reasonably apprehends." United States v. Black, 692 F.2d 314, 318 (4th Cir. 1982).

> In short, then, where a defendant charged with violating § 111 claims that he was unaware that the victim was a federal officer, the question becomes: would the defendant have been justified, because of the agent's actions, in using force against the agent had the latter, in fact, been a "civilian."

United States v. Hillsman, 522 F.2d 454, 460 (7th Cir. 1975).

In the present case, it is conceded that Matheny did not know the victims included a federal officer. Nonetheless, there was more than sufficient evidence to establish that Matheny used force against the victims that was disproportionate to any reasonably apprehended potential threat. There was no evidence that either victim took any action that would have given Matheny any reasonable belief that he was in physical danger. Prior to Matheny pulling his weapon, neither victim threatened Matheny, made an aggressive movement, took an aggressive posture, or attacked him. Instead, the evidence supported the conclusion that, in response to a ten-to-fifteen second conversation, Matheny pulled a gun, aimed it at the waists of both victims, threatened to kill them, and trained the gun on them until they left. Because there was sufficient

4

evidence to support the jury's finding that Matheny did not act in self defense,[*] the district court did not err in denying his motion for judgment of acquittal.

Next, Matheny contends that there was insufficient evidence that he "used" the firearm within the meaning of the statute. Without a citation to any case law, Matheny avers that, when referring to a firearm, "uses" in § 111(b) requires that the defendant "discharge the weapon or attempt to discharge the weapon."

We find that Matheny's definition is without support. In a § 111(b) prosecution, a court "must apply the 'ordinary or natural' meaning of the word 'use,' variously defined as '[t]o convert to one's service,' 'to employ,' 'to avail oneself of,' and 'to carry out a purpose or action by means of.'" U.S. v. Williams, 520 F.3d 414, 421 (5th Cir. 2008) (holding that swinging and brandishing a shank constituted "use" under § 111(b)). Moreover, in a similar context, interpreting "use" under 18 U.S.C. § 924(c) (2006), the Supreme Court has found "use" of a firearm to include brandishing or displaying the

---

[*] In fact, Katrina Thacker, Matheny's daughter, testified that Matheny told her he pulled the gun on Wise and Berry not because he was afraid of them, but rather because they called him a liar. Further, Matheny himself did not testify that he was frightened prior to displaying his weapon; instead, he testified that he became scared after he had already pulled out the gun when one of the victims tried to get behind him.

5

weapon.  <u>Bailey v. United States</u>, 516 U.S. 137, 148-49 (1995); <u>see also</u> <u>United States v. Hayden</u>, 85 F.3d 153, 161 (4th Cir. 1996) (noting that brandishing constitutes "use" of a firearm). In addition, Matheny's assertions that he made no actual contact with the victims and that the firearm did not have a round chambered are equally unavailing.  <u>See</u> <u>United States v. Hamrick</u>, 43 F.3d 877, 880-83 (4th Cir. 1995) (affirming § 111(b) conviction where defendant mailed a dysfunctional bomb to the victim).  Given the substantial evidence that Matheny brandished a firearm while threatening the victims, we conclude there was sufficient evidence to show "use" under the statute.

Accordingly, we affirm Matheny's convictions.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>