**John DeCECCO, Defendant, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 6367.**

United States Court of Appeals
First Circuit.

Nov. 30, 1964.

Joseph Mainelli, Providence, R. I., for appellant.

Alton W. Wiley, Asst. U. S. Atty., with whom Raymond J. Pettine, U. S. Atty., was on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

This appeal raises only one substantial question.[1] The defendant was convicted following a jury trial, on a two-count information charging the failure to pay the special occupational (wagering) tax in violation of 26 U.S.C. §§ 7203 and 7262. The record appendix shows that the defendant presented evidence in his defense, but none to the effect that he had paid the tax. The de-

---

1. Our opinion in Calo v. United States, 1 Cir., 1964, 338 F.2d 793, adequately covers the defendant's attack on the descriptions in the search warrant.

fendant requested the court to charge the jury that the "mere fact that the Government's evidence is uncontradicted" did not require the jury to accept it. The court gave not this request, but just the reverse. It is true that at the outset it properly instructed the jury that the government had the burden of proving "every material element of * * * [the] offense." However, it thereafter stated that it was "undisputed" that the defendant had not paid the tax. Then, as to one count inferentially and the other specifically, removed the issue of payment from this instruction.

"If the Government has satisfied you by the required degree of proof, that is, by proof. beyond a reasonable doubt, that the defendant on and before March 7, 1963 was engaged in the business of accepting wagers, and that he wilfully failed to pay said tax before engaging in said business, then your verdict as to Count I shall be guilty."

It seems fairly clear, not only because of the court's failure to give the defendant's request, and its reference to the fact of non-payment being undisputed, but also from what it said subsequently, that "wilfully failed to pay" was limited to defendant's state of mind, and assumed the fact of non-payment. When the court came to the second count, where wilfullness was not involved, it laid the matter firmly on the line.

"As to Count II I instruct you that if the Government has satisfied you by the required degree of proof that the defendant was engaged in the business of accepting wagers on and before March 7, 1963, then your verdict as to that count shall be guilty.

"That is the only element that the Government need prove because it is undisputed here that no wagering stamp was ever issued to the defendant or ever issued for the premises at 50 Pekin Street."

The defendant duly noted his objection. The objection must be sustained. No matter how persuasive the government's evidence may seem to the court, there is no burden on a defendant to dispute it. Nor can defendant's failure to offer evidence on one issue change or satisfy the government's burden with respect to it. United States v. Gollin, 3 Cir., 1948, 166 F.2d 123, 125–127, cert. den. 333 U.S. 875, 68 S.Ct. 905, 92 L.Ed. 1151; Carothers v. United States, 5 Cir., 1947, 161 F.2d 718, 722. The court's charge in this case, if correct, would mean that if a defendant rests at the close of the government's case, the burden on all matters is on the government, but that if he offers evidence on some issues he admits any on which he does not. This would require a defendant to offer partial evidence at his peril. We could recognize no such principle. It may have seemed to the district court, and seems to us, highly unlikely that the government's case would founder on the issue of non-payment of the tax, but it was the defendant's right to insist on its incurring that risk however small.

Judgment will be entered setting aside the verdicts of the jury and vacating the judgment thereon and ordering further proceedings not inconsistent herewith.