**Jimmie Dane BURKE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 24957.**

United States Court of Appeals
Fifth Circuit.

Sept. 23, 1968.

---

John N. Gallaspy, Bogalusa, La., for appellant.

Harry F. Connick, Asst. U. S. Atty., New Orleans, La., for appellee.

Before TUTTLE and DYER, Circuit Judges, and MEHRTENS, District Judge.

TUTTLE, *Circuit Judge:*

This appeal presents clearly and concisely the question whether a conviction for the violation of 18 U.S.C.A. § 111,[1] comports with the law upon proof that the accused wilfully assaulted a federal official covered by the protection of the act, without either allegation or proof that when so assaulting the accused knew that his victim was a federal agent.

This appeal raises only this point. There is no dispute but that Jimmie Dane Burke wilfully and intentionally attacked FBI Agent Robert L. Wertman, who was photographing incidents of violence occurring during a civil rights march in Bogalusa, Louisiana. Although there may have been evidence in this trial sufficient to have warranted a jury in finding that Burke actually had knowledge of the identity of Agent Wertman, this is unimportant because at a charge conference and in the actual charge to the jury, the trial court stated that such knowledge is not essential to a conviction, if the jury found that the assault, defined by the court to require wilfulness and intent, actually occurred on an agent of the United States while actually engaged in the performance of his duties.

This case is controlled by the recent decision of this court in the case of Pipes v. United States, 5 Cir., 399 F.2d 471 (dec. July 30, 1968). However, in light of the concurring opinion by Judge Godbold in that case it may be appropriate to point out that a case based upon Section 111, as construed by this court, is not submitted to the jury without a charge that the "assault" must be an intentional act wilfully done without legal excuse. The trial court here carefully charged the jury in defining the term "assault":

"Any intentional and unlawful threat or attempt to commit injury upon the person of another, when coupled with an apparent present ability so to do, and an intentional display of force such as to place the victim in reasonable apprehension of immediate bodily harm constitutes an assault. An assault may be committed without

1. Title 18, U.S.C.A. § 111, reads in part:
"Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both.

actually touching, striking, or committing bodily harm to another."

"Any intentional use of force upon the person of another, which results in unlawful touching of another, constitutes a battery.

"Unlawfully, as used in this instruction, means either contrary to law or without legal justification.

"Thus a person who, in fact, has the present ability to inflict bodily harm upon another, and willfully threatens or attempts to inflict bodily harm upon such person, may be found guilty of forcibly assaulting such person.

"The essential elements required to be proved in order to establish the offense charged in the indictment are, first, the act or acts of forcibly assaulting an agent of the Federal Bureau of Investigation while the agent was engaged in the performance of his official duties as charged; and secondly, doing such act or acts willfully, which means with bad purposes, to disregard the law."

█ This court first announced the rule relied on in *Pipes*, supra, in Bennett v. United States, 5 Cir., 1960, 285 F.2d 567. The Court of Appeals for the Fourth Circuit is of the same view, as announced in United States v. Wallace, 4 Cir., 1966, 368 F.2d 537, as is also the Court of Appeals for the Second Circuit, which, recognizing a split in the circuits, said, in United States v. Lombardozzi, 2 Cir., 1964, 335 F.2d 414, 10 A.L.R.3d 826:

"The reasoning in McNabb [McNabb v. United States, 6 Cir., 1941, 123 F.2d 848, the case relied upon by us in *Bennett*, supra] and Bennett is far more persuasive as to the proper construction to be placed upon section 111 than those cases which write the element of scienter into a statute which

does not contain this requirement." 335 F.2d at 416.

It should be noted that in *Bennett, Pipes* and in this case, the gist of the offense was a "forcible assault" on an officer, an act which was a common law crime. We do not here deal with the nature of the charge that would be required by a court in order adequately to present to a jury a case in which proof of the indictment related only to one of the other prohibited acts "forcibly resists * * * opposes, impedes, intimidates, or interferes with any person * * * while engaged in or on account of the performance of his official duties." Since it is clear that there must be a wilful and intentional forcible course of conduct proven in order to satisfy the requirements of the statute, it may well be that as to some of the other forbidden acts it would be necessary for the court to charge the jury in terms that would make it essential to show that the accused person knew of the identity of the government official as such in order for him to be guilty of wilfully violating the statute. For a discussion of this view, see United States v. Wallace, supra, where the Court of Appeals for the Fourth Circuit said:

"Insofar as the statute proscribes resistance, opposition, and intimidation of a federal official or interference with his performance of his official duties, an intentional and unlawful invasion of the rights of the victim is certainly contemplated and the statute does not proscribe reasonable force employed in a justifiable belief that it is exerted in self-defense. So long as the conduct is intended as an unlawful interference with a victim who, in fact, is a federal official engaged in his official duties, the conduct is within the reach of § 111." United States v. Wallace, 4 Cir., 368 F.2d 537, at 538.

The judgment is affirmed.