**UNITED STATES of America,
Appellee,**

v.

**William S. ALESSIO, Defendant,
Appellant.**

**No. 7774.**

United States Court of Appeals,
First Circuit.

March 11, 1971.

Gordon C. Mulligan, Warwick, R. I., by appointment of the Court, for defendant-appellant.

Joseph C. Johnston, Jr., Asst. U. S. Atty., with whom Lincoln C. Almond, U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Defendant's appeal raises three questions, two of which are so lacking in merit as to require no mention. The third is more troublesome. The defendant was indicted for larceny of government property. 18 U.S.C. § 641. One of the items he was charged with taking was certain U. S. currency, allegedly belonging to the petty cash fund of a government installation. In the course of the trial at which defendant was convicted, it was sought to show on cross-examination of two government witnesses that this money belonged to a government employee who was merely indebted to the government therefor, as distinguished from being directly owned by the government. This would have been fatal to that aspect of the government's case. At one stage of the interrogation the court sustained a government objection, stating that in-

disputably the money in the fund constituted government property.

The relevant portions of the testimony include the following. On cross-examination a Mr. Clark, a government witness, testified as follows.

A. I think I said personally responsible.

Q. Personally responsible for. And that money becomes your money, and you owe the money to the United States by accounting for how it is spent?

A. That is correct.

Later, when co-defendant's counsel referred to this testimony, the following colloquy occurred.

The COURT. I think not, Mr. Berk. The money didn't belong to Mr. Clark. It wasn't usable for Mr. Clark's purposes; it was merely a trust fund of money belonging to the Government. I don't find any merit in that contention.

Mr. BERK. Does the Court make that finding?

The COURT. I do. It was the property of the United States Government.

Defendant noted his objection.

The court could properly make a ruling of law with respect to title, predicated upon findings of fact which it left to the jury. However, it is clear that the court did more. It left nothing to the jury. It made a "finding" that the money belonged to the government, which was not only an essential element in the government's case, but depended upon an acceptance of the testimony of the government witnesses. The court cannot make a finding accepting the government's testimony, no matter how clear it may be; the burden still remained on the government to prove the money in the fund belonged to it. Testimony, though unchallenged, may still be disbelieved. As we said in DeCecco v. United States, 1 Cir., 1964, 338 F.2d 797, at 798, "No matter how persuasive the government's evidence may seem to the court, there is

no burden on a defendant to dispute it." We held it to be error in *DeCecco* for the court to inform the jury that it did not have to make a finding as to a certain element in the government's case because the defendant did not dispute it. It was even greater error for the court here to make such a statement when counsel had, although possibly ineffectively, sought to make an issue of the matter.

Reversed, new trial ordered.