**UNITED STATES of America,
Appellee,**

v.

**Joseph A. LANGONE, III, Defendant,
Appellant.**

**No. 71–1035.**

United States Court of Appeals,
First Circuit.

June 25, 1971.

Walter J. Hurley, Boston, Mass., for appellant.

George V. Higgins, Asst. U. S. Atty., with whom Herbert F. Travers, Jr., U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This is an appeal from a conviction under 18 U.S.C. § 111, for assaulting and impeding a federal officer (a narcotics agent) in the performance of his official duties.* The government showed that the agent was on his way to meet an informer when he parked his government owned, but unmarked automobile in front of defendant's funeral home; that defendant emerged from the home and objected to the vehicle's placement, and that in the course of remonstrating defendant used threatening language and gestures and gave the agent a violent shove against the car. There was ample evidence as to all of the requirements specifically expressed in the statute, and the court properly instructed the jury thereon. Defendant requested that the court further charge that it was the government's obligation to prove that he knew the agent to be a federal officer, and, in addition, that he knew the agent was engaged in official duties. The court gave the first request, but refused the second. This denial is the sole issue on this appeal. It is squarely presented because the defendant's testimony was clear—although contradicted—that defendant thought the agent was merely

---

* "Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both. * * *" 18 U.S.C. § 111.

on his way to lunch, which might not fall within the performance of official duties. *Cf.* Wilson v. United States, 1 Cir., 1969, 412 F.2d 694, 696.

The government brief takes the extraordinary position that because its evidence as to defendant's knowledge was so strong, and the defendant's so unpersuasive, there was no basis for the requested instruction even if the government was obliged to prove the defendant's knowledge as to all of the conditions of the statute. If proof of knowledge is part of the government's case, the strength of the government's evidence, or the weakness of the defendant's, is immaterial. The defendant need not affirmatively deny an allegation at all, for there is always a jury question as to every issue, except those expressly conceded, on which the government has the burden. DeCecco v. United States, 1 Cir., 1964, 338 F.2d 797; United States v. Alessio, 1 Cir., 1971, 439 F.2d 803. The government's brief is so concerned with this mistaken approach and with reciting, in detail, evidence irrelevant even from that standpoint, that it never squarely reaches the question raised by defendant's requested instruction.

In Portnoy v. United States, 1 Cir., 1963, 316 F.2d 486, cert. denied, 375 U.S. 815, 84 S.Ct. 48, 11 L.Ed.2d 50, the issue of knowledge arose in terms of the content of a section 111 indictment. We held the indictment sufficient because it in fact adequately, although indirectly, charged defendant's knowledge. Although the statute does not in terms require knowledge, we recognized that some courts imposed that obligation, but found it unnecessary to express our own view.

Since that date the trend has been away from such a requirement. The court in United States v. Goodwin, 3 Cir., 1971, 440 F.2d 1152, in holding that the government need not prove that the defendant had knowledge of his victim's identity, cites, in accord, recent decisions from the Second, Fourth, Fifth, Eighth and Ninth Circuits. *See* 440 F.2d 1152 at 1155. We align ourselves with the view of these circuits,

particularly for the reasons expressed in *Goodwin* and United States v. Lombardozzi, 2 Cir., 1964, 335 F.2d 414, cert. denied, 379 U.S. 914, 85 S.Ct. 261, 13 L.Ed.2d 185. The purpose of the statute is to provide federal officers the protection of the federal courts when they are performing their duties. Burdening the government with an obligation to prove knowledge could seriously impede this purpose.

Finally, defendant argues that knowledge should be required when he was not the object of the agent's activities. If defendant's position were that he was, in good faith, engaged in lawful defense of himself or his property, there might be merit in such a contention. Absent such a claim, we see no relevance in his relationship to the officer. *See* Burke v. United States, 5 Cir., 1968, 400 F.2d 866, cert. denied, 395 U.S. 919, 89 S.Ct. 1771, 23 L.Ed.2d 237; United States v. Ulan, 2 Cir., 1970, 421 F.2d 787. The court did not err in refusing to instruct the jury that it must find that defendant knew the agent was officially engaged. Indeed, in requiring knowledge of the agent's identity it was more cautious than need be.

Affirmed.