**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Keith Stanford IRICK et al., Defendants-Appellees.**

**No. 74–1265
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 5, 1974.

Rehearings and Rehearings En Banc
Denied Oct. 17, 1974.

---

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

F. Witcher McCullough, III, Asst. U. S. Atty., Houston, Tex., William L. Patton, Justice Dept., Washington, D. C., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellant.

Philip S. Greene, Houston, Tex., for Irick.

Harry L. Tindall, Houston, Tex., for David P. Kay.

Buddy W. Gregory, Houston, Tex., for Richard N. Myers.

Edward L. Lasof, Houston, Tex., for Joseph E. Peel.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

AINSWORTH, Circuit Judge:

The question presented for decision is whether an indictment charging assault of an officer of the Drug Enforcement Administration is fatally defective because the pertinent statutes, though they encompass assaults on "any officer or employee of the Bureau of Narcotics and Dangerous Drugs," do not specifically refer to the Drug Enforcement Administration, the successor in the Department of Justice to the Bureau of Narcotics and Dangerous Drugs.

Defendants Keith Stanford Irick, David Paul Kay, Richard Neil Myers, and Joseph Edwin Peel were named in an indictment which charged that on or about August 27, 1973, they "wilfully and by use of a deadly and dangerous weapon, that is, a bayonet, did forcibly assault, resist, oppose, impede, intimidate, and interfere with . . . a Special Agent of the Drug Enforcement Administration, United States Department of Justice while [he] was engaged in the performance of his official duties." The indictment charged violation of 18 U.S. C. §§ 111 and 2.[1]

Section 111 of Title 18, United States Code, prohibits, *inter alia*, the forcible assault, intimidation, or interference with "any person designated in [18 U. S.C. § 1114] while engaged in or on account of the performance of his official duties . . . ."[2] Section 1114 designates several categories of federal officers and employees. Among the categories designated is the Bureau of Narcotics and Dangerous Drugs, the predecessor in the Department of Justice of the Drug Enforcement Administration.[3]

The Bureau of Narcotics and Dangerous Drugs was established by Reorganization Plan No. 2 of 1973. 1973 U.S. Code Cong. & Admin.News 3554. The plan became effective without congressional action on July 1, 1973, as provided by 5 U.S.C. § 906(a); and on July 10, 1973, pursuant to Executive Order

---

1. 18 U.S.C. § 2 provides:

    § 2. Principals

    (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

    (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

2. 18 U.S.C. § 111 reads in full:

    § 111. Assaulting, resisting, or impeding certain officers or employees

    Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official

duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both.

Whoever, in the commission of any such acts uses a deadly or dangerous weapon, shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

3. The pertinent text of 18 U.S.C. § 1114 provides:

    § 1114. Protection of officers and employees of the United States

    Whoever kills . . . any officer or employee . . . of the Bureau of Narcotics and Dangerous Drugs . . . while engaged in the performance of his official duties . . . shall be punished as provided under sections 1111 and 1112 of this title.

11727, dated July 6, 1973, the Attorney General transferred the functions of the Bureau of Narcotics and Dangerous Drugs to the Drug Enforcement Administration by amending the Code of Federal Regulations, 38 Fed.Reg. 18380.[4] Thus, as the district court found, "the Drug Enforcement Administration, its officers and employees, are the successors to the Bureau of Narcotics and Dangerous Drugs, its officers and employees in function and authority." Section 1114, however, was not amended to reflect this changeover from the Bureau of Narcotics and Dangerous Drugs to the Drug Enforcement Administration.

In the court below, each of the defendants moved to dismiss the indictment for failure to charge an offense on the ground that agents of the Drug Enforcement Administration are not within the categories designated under 18 U.S.C. § 1114 and, thus, assaults on such agents are not encompassed by 18 U.S.C. § 111. Notwithstanding its finding that the Drug Enforcement Administration is the successor to the Bureau of Narcotics and Dangerous Drugs, the district court held that section 111 does not apply to assaults on Drug Enforcement Administration agents because Congress failed to amend section 1114 to substitute the Drug Enforcement Administration for the Bureau of Narcotics and

Dangerous Drugs. Concluding that section 1114 "applies only to those departments, agencies, and bureaus specifically named therein," the court granted defendants' motions and ordered the indictment dismissed. The Government appeals pursuant to 18 U.S.C. § 3731.[5]

■ The district court's memorandum and order concluding that the indictment should be dismissed omits reference to 5 U.S.C. § 907(a), enacted September 6, 1966.[6] Section 907(a), which provides for continuity of status and function in connection with executive reorganizations, controls the issues presented. It reads in full:

§ 907. Effect on other laws, pending legal proceedings, and unexpended appropriations.

(a) *A statute enacted,* and a regulation or other action made, prescribed, issued, granted, or performed in respect of or by an agency or function affected by a reorganization under this chapter, *before the effective date of the reorganization, has, except to the extent rescinded, modified, superseded, or made inapplicable by or under authority of law or by the abolition of a function, the same effect as if the reorganization had not been made.* However, if the statute, regulation, or other action has vested the

4. A regulation promulgated on July 1, 1973 by the Acting Administrator of the Drug Enforcement Administration used language similar to that of 5 U.S.C. § 907(a):

All regulations or other action made, prescribed, issued, granted or performed in respect of or by the agencies or functions affected by section 1 of Reorganization Plan No. 2 of 1973 shall, until rescinded, modified, superseded, or made inapplicable, have the same effect as if the reorganization had not been made.

The directive further provides:

Sec. 3. *Enforcement officers*

(a) All criminal investigators . . . are authorized to exercise all of the powers of enforcement personnel granted by 21 U.S.C. 876, 878, 879 . . . .

38 Fed.Reg. 18381.

The special agent who the indictment charges defendants with assaulting is a

criminal investigator within the purview of the regulations.

5. 18 U.S.C. § 3731 provides in relevant part:

In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

6. The only other decision treating the question presented in this case is United States v. Hasimar, 69 Cr. 58 (S.D.N.Y. May 25, 1970) (unreported), which involved the establishment of the Bureau of Narcotics and Dangerous Drugs. The court in *Hasimar* disposed of the case in the same manner as the court below; and, like the court below, failed to mention 5 U.S.C. § 907(a).

functions in the agency from which it is removed under the reorganization plan, the function insofar as it is to be exercised after the plan becomes effective, shall be deemed as vested in the agency under which the function is placed by the plan. (Emphasis added.)

The section's legislative history reflects the clear meaning of the statutory language, that is, the desire of Congress not to leave a hiatus in existing law when a reorganization has taken place. A House Report on the 1949 Reorganization Act, the predecessor of the 1966 reorganization statute, explains that section 907 "contains saving provisions with respect to the status, after a reorganization, of statutory provisions, regulations, and other actions, and suits and other proceedings, having a relation to any agency or function affected by such reorganization." H.R.Rep. No. 23, 81st Cong., 1st Sess., 1949 U.S.Code Cong. Serv. 1391. In addition, a House Report commenting on a similar saving clause in the original Reorganization Act of 1939 noted that the saving clause "provides for the survival of . . . laws in connection with reorganizations." H.R.Rep. No. 120, 76th Cong., 1st Sess. 6 (1939).

Basically, when a reorganization takes place, section 907(a) continues in effect laws existing prior to the reorganization. Any statute relating to an agency and enacted before the effective date of the reorganization of that agency has the same effect as if there had been no reorganization. Thus, special agents of the Drug Enforcement Administration fall within the ambit of section 111, by virtue of the provisions of section 1114, in the same manner as did the special agents of the Bureau of Narcotics and Dangerous Drugs.

On appeal, defendants pose four basic arguments as militating against the application of section 907(a) to their situation. First, they assert that Congress has at times amended 18 U.S.C. § 1114 to reflect changes caused by reorganizations. They refer specifically to the amendment by Congress, as part of the Comprehensive Drug Abuse Prevention and Control Act of 1970, of section 1114 to substitute the Bureau of Narcotics and Dangerous Drugs in the Department of Justice for its predecessor, the Bureau of Narcotics in the Treasury Department. 1970 U.S.Code Cong. & Admin.News 1492, § 701(i)(1), Pub.L. 91–513, 84 Stat. 1236. We do not view this as evidence of congressional intent that an amendment of 18 U.S.C. § 1114 was a precondition to the coverage of agents of the Bureau of Narcotics and Dangerous Drugs, to disregard of 5 U.S.C. § 907(a). No such implication can be garnered from the legislative history of the Act.[7] The provision amending section 1114 was merely one provision of a general statutory program designed to deal with drug abuse; and the amendment came almost two years after the creation of the Bureau of Narcotics and Dangerous Drugs, *see* Reorganization Plan No. 1 of 1968, 1968 U.S.Code Cong. & Admin.News 4734. The hearings on the creation of the Bureau of Narcotics and Dangerous Drugs, moreover, indicate that amendment of section 1114 was not deemed necessary to the continued coverage of that Bureau's officers. *See* Hearings Before a House Subcomm. on Government Operations, 90th Cong., 2d Sess., at 64 (1968).[8] Indeed, it would ignore the impact of 5 U.S.C. § 907(a) to hold that because Congress has on previous occasions made a conforming amendment to section 1114 it must do so to protect federal agents in reorganization situations.

---

7. The legislative history is silent on the purpose of the amendment. *See* 1970 U.S.Code Cong. & Admin.News 4566ff.

8. In response to questions from Congressman Edwards, Phillip S. Hughes, Deputy Director, Bureau of the Budget, and John

H. Finlator, Director, Bureau of Drug Abuse Control, Food and Drug Administration, Department of Health, Education, and Welfare, testified that reorganization would not affect the coverage of employees of the Bureau of Narcotics and Dangerous Drugs under 18 U.S.C. § 1114.

■ Defendants also assert, in a vague way, that there is a constitutional impediment to the inclusion of Drug Enforcement officers and agents within the coverage of section 1114. We perceive no such problem. We note, moreover, that it is not an element of a section 111 offense that the person who commits one of the proscribed acts does so with the knowledge that his victim is a federal officer, *see e. g.*, United States v. Davis, 5 Cir., 1970, 423 F.2d 974, 975 n. 1, cert. denied, 400 U.S. 836, 91 S.Ct. 74, 27 L. Ed.2d 69; United States v. Marcello, 5 Cir., 1970, 423 F.2d 993, 1010, cert. denied, 398 U.S. 959, 90 S.Ct. 2172, 26 L. Ed.2d 543; Burke v. United States, 5 Cir., 1968, 400 F.2d 866, 868, cert. denied, 395 U.S. 919, 89 S.Ct. 1771, 23 L. Ed.2d 237 (1969); United States v. Langone, 1 Cir., 1971, 445 F.2d 636, cert. denied, 404 U.S. 915, 92 S.Ct. 226, 30 L.Ed.2d 189; United States v. Goodwin, 3 Cir., 1971, 440 F.2d 1152, 1155; United States v. James, 9 Cir., 1972, 464 F.2d 1228, 1230, cert. denied, 409 U.S. 1086, 93 S.Ct. 697, 34 L.Ed.2d 123; [9] and it is certainly not an element of a section 111 offense that the defendant know the specific name of the agency by which his victim is employed. "[W]hat little legislative history does exist indicates only that Congress intended to create a federal forum for the enumerated offenses instead of having to rely upon state and local courts for the protection of federal officers." United States v. Goodwin, *supra*, 440 F.2d at 1155; *see* Ladner v. United States, 358 U.S. 169, 174 n. 3, 79 S.Ct. 209, 212 n. 3, 3 L.Ed. 2d 199 (1958) (Letter of January 3, 1934, from Homer Cummings, Attorney General, to Senator Ashurst, Chairman of the Senate Committee on the Judiciary). *See also* United States v. Langone, *supra*, 445 F.2d at 637. Given the existence of 5 U.S.C. § 907(a) at the time of the occurrence of the assault in this case, as well as the fact that for conviction under section 111 a defendant need not have knowledge of the official status of his victim, no constitutional impediment can be claimed in the reorganization statute's application to these defendants.

■ Defendants also place reliance on the doctrine that penal statutes must be construed strictly and contend that a strict reading of section 1114 requires that it apply only to those agencies specifically named therein. The strict construction concept does not, however, require that other pertinent statutes, in this case section 907(a), be disregarded. Furthermore, the doctrine is grounded in the principle that persons accused of a crime must be afforded fair warning of the prohibited conduct. *See, e. g.* United States v. Harriss, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954); W. La Fave & A. Scott, Jr., Criminal Law 72 (1972). It cannot be validly argued that defendants were not given adequate notice of the prohibited conduct, that is, the assault of a federal officer. Section 907(a) in no way changes the nature of this conduct.

■ Finally, defendants argue that section 907(a) was intended to apply to civil statutes—not criminal statutes—and to the functions of governmental agencies in reorganizations. We can discern no such restriction of intent, either from the plain meaning of the statute or from its legislative history.

We have considered all of defendants' assertions and find them to be without merit. We conclude that section 1114 includes the Drug Enforcement Administration in the same manner that it encompassed the Bureau of Narcotics and Dangerous Drugs. The indictment, therefore, as it charges an offense under section 111, is not defective.

Reversed.

---

9. Defendants do not challenge this principle of law.