358 So.2d 1321 (1978)
Frederick DOTSON
v.
STATE of Mississippi.
No. 50477.
Supreme Court of Mississippi.
May 24, 1978.
Johnnie E. Walls, Jr., Robert E. Buck, Greenville, for appellant.
A.F. Summer, Atty. Gen., by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, LEE and BOWLING, JJ.
LEE, Justice, for the Court:
Frederick Dotson was convicted of simple assault upon a law enforcement officer in the Circuit Court of Washington County and was sentenced to five (5) years in the custody of the Mississippi Department of Corrections, with two (2) years suspended on good behavior. He appeals to this Court and assigns the following errors in the trial:
(1) The court erred in refusing to grant appellant's proposed Instructions D-1, D-2, and D-3.
(2) The court erred in granting the State's Instruction S-3.
(3) The court erred in granting the State's Instruction S-4.
On November 2, 1976, Officers Troy Livingston and David Brown of the Greenville Police Department, while in the line of duty, were looking for appellant with a warrant for the search of his automobile. Livingston was in charge of the narcotics division of the police department. At the time, he was dressed in blue jeans, a slipover shirt, a green Army field jacket and a toboggan. He was wearing nothing which would identify him as a police officer. The automobile he and Brown were using was not identified by police insignia, blue lights or other equipment common to a police vehicle.
The officers saw appellant's unoccupied car parked on a city street in Greenville. They waited until Dotson came to the car, got in, drove down the street, and stopped at a red light. The officers pulled up behind appellant's vehicle at the light, Livingston got out of the car on the passenger side, and, according to him, walked up to Dotson's open window and shouted, "Dotson, freeze  police." He was carrying a flashlight in his left hand. Livingston further testified that Dotson pointed a pistol in his direction and then drove off at a fast rate of speed. Livingston drew his revolver and fired a shot into appellant's automobile as it left the scene. The officers followed in pursuit and were joined by other police cars with blue lights. Dotson stopped, was ordered out of the car, and was placed under arrest without resistance. A .38 revolver and a .25 automatic pistol were recovered from appellant's automobile. The *1322 revolver was found in the glove compartment and the pistol was under the seat on the driver's side.
Appellant testified that he looked in the rear view mirror and saw Livingston approaching dressed as above described, that he did not know Livingston or that he was a police officer, that he thought someone was trying to do him bodily harm, and that the person was probably a "hit" man. He denied that he pointed a pistol at Livingston but said that he immediately pulled off at a fast speed in order to get away from him.
The crucial question, which has not been previously decided in this state, is whether or not under the circumstances and facts hereinabove related, the court should have submitted to the jury the question of whether or not appellant knew Livingston to be a police officer acting in the line of duty. Stated otherwise, does Mississippi Code Annotated Section 97-3-7(1)(c) (Supp. 1974) require knowledge (scienter) on the part of a person charged under said section that the individual assaulted was a police officer? Section 97-3-7(1) provides:
"(1) A person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (c) attempts by physical menace to put another in fear of imminent serious bodily harm; and, upon conviction, he shall be punished by a fine of not more than five hundred dollars ($500.00) or by imprisonment in the county jail for not more than six (6) months, or both. Provided, however, a person convicted of simple assault upon a law enforcement officer or fireman while such law enforcement officer or fireman is acting within the scope of his duty and office shall be punished by a fine of not more than one thousand dollars ($1,000.00) or by imprisonment for not more than five (5) years, or both." (Emphasis added).
The language of Subsection (c) under which the indictment was drawn, does not set forth that the accused know the person assaulted to be a law enforcement officer.
Instruction D-3 [See Appendix], requested by the appellant and refused by the court, stated that the jury must find beyond reasonable doubt that appellant knew and perceived at the time Troy Livingston was a police officer who was acting within the scope of his duty and office as such. The precise issue was not submitted to the jury by any other instruction.
The Federal courts have construed 18 U.S.C. § 111 (which makes it a violation for assaulting a federal officer) to mean that while knowledge (scienter) is not necessary, yet, if the officer stands in the position of an aggressor or of a private individual committing a tort, and his identity is not known to the accused, then the accused has the right to use such force as may be necessary to protect himself from such assault or tort and that, in such a situation, the government must prove the defendant knew the person assaulted by him to be a police officer.
In United States v. Hillsman, 522 F.2d 454 (7th Cir.1975), cert. den., 423 U.S. 1035, 96 S.Ct. 570, 46 L.Ed. 410 (1975), the Seventh Circuit Court of Appeals said:
"In short, then, where a defendant charged with violating § 111 claims that he was unaware that the victim was a federal officer, the question becomes: would the defendant have been justified, because of the agent's actions, in using force against the agent had the latter, in fact, been a `civilian.' If the defendant made an honest mistake of fact with respect to the agent's status and the defendant's use of force would have been justified against a private citizen, then he cannot be held criminally liable under § 111. For to hold him liable would create a situation `where legitimate conduct becomes unlawful solely because of the identity of the individual or agency affected.' 420 U.S. at 685, 95 S.Ct. at 1264. If, on the other hand, the defendant would not have been justified in using force against a private citizen or if *1323 the defendant used more force than the law permitted, see United States v. Perkins, supra [428 F.2d 652 (1st Cir.1973), cert. den. 417 U.S. 913, 94 S.Ct. 2612, 41 L.Ed.2d 217 (1974)] his mistake as to the agent's status would be no defense to an action under § 111." 522 F.2d at 460.
The Fifth Circuit Court of Appeals stated in United States v. Young, 464 F.2d 160 (5th Cir.1972), that even though prior decisions held knowledge of official capacity of the person assaulted to be unnecessary for conviction under 18 U.S.C. § 111, no case held the accused is absolutely liable for assault upon an officer when the accused acted from the mistaken belief that he was threatened with an intentional tort by a private citizen. The Court said:
"Our prior decisions hold that knowledge of the official capacity of the person assaulted is unnecessary for conviction under 18 U.S.C. § 111. Burke v. United States, 1968, 400 F.2d 866; Pipes v. United States, 1968, 399 F.2d 471; Bennett v. United States, 1960, 285 F.2d 567. But none of those cases holds that a defendant may be held absolutely liable for `assaulting' a government officer when the defendant acts from the mistaken belief that he himself is threatened with an intentional tort by a private citizen. `[A] case based upon Section 111, as construed by this court, is not submitted to the jury without a charge that the "assault" must be an intentional act wilfully done without legal excuse.' Burke, supra, 400 F.2d at 867.
When there is no doubt of the defendant's unlawful intention, knowledge of the official capacity of the victim is invariably unnecessary; the assailant takes his victim as he finds him. But if the defendant asserts a lack of intention or wilfulness based upon ignorance of the identity of the victim and ignorance of the victim's official privilege to interfere with the defendant's person or freedom of movement, the jury must be allowed to consider the defendant's evidence tending to show that he was ignorant of the official capacity of the victim. For only then can the jury give fair consideration to whether the `assault' was `an intentional act wilfully done without legal excuse.' Burke, supra." 464 F.2d at 163.
In Kinney v. State, 336 So.2d 493 (Miss. 1976), accused was charged with aggravated assault upon a law enforcement officer and it was contended that the verdict was against the overwhelming weight of the evidence. The question of knowledge was not considered, but the court noted that the indictment followed Mississippi Code Annotated Section 97-3-7(2) (Supp. 1975), that the identity of the police officers should have been clear because they were in a marked police car with blue lights on top and shining, and that the officers were dressed in police uniforms and the car had proper police insignia.
It is understandable that, when appellant saw Officer Livingston approaching dressed in blue jeans, slipover shirt, green Army jacket and toboggan, without anything to identify himself, he reasonably could have assumed that the individual was some person unconnected with the police department, who may have been attempting to do him some bodily harm. This was at a time when appellant was seated in his automobile awaiting change of a red light and apparently not violating any law.
We hold that, under the facts of this case, the issue of whether appellant knew, or reasonably should have known, that Livingston was a police officer should have been submitted to the jury. Refusal to grant Instruction No. D-3 constituted reversible error.
Instructions D-1 and D-2 were properly refused, but in view of the holding herein, it is not necessary to discuss same. Instructions S-3 and S-4 were properly granted had Instruction D-3 been granted the appellant.
For the error stated, this case must be and is reversed and remanded for a new trial.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.

Appendix to follow.

*1324 APPENDIX

"Instruction No. D-3
The Court instructs you that in order for you to find Frederick Dotson guilty of simple assault upon Troy Livingston, a police officer, you must first find beyond a reasonable doubt that Frederick Dotson did on November 2, 1976 at the time testified about purposely and knowingly attempt to assault Troy Livingston by pointing a pistol at him, and secondly you must find beyond a reasonable doubt that Frederick Dotson knew and perceived at the time testified about that Troy Livingston was a police officer who was acting within the scope of his duty and office as a police officer. And if you fail to find either one or both of these elements beyond a reasonable doubt then you are sworn to find Frederick Dotson Not Guilty."