# IN THE COURT OF APPEALS 07/02/96

## OF THE

## STATE OF MISSISSIPPI

### NO. 93-KA-00768 COA

**DARRYL FITZGERALD JOHNSON A/K/A DARRYAL FITZGERALD JOHNSON**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. KOSTA N. VLAHOS

COURT FROM WHICH APPEALED: HARRISON COUNTY CIRCUIT COURT (1ST DIST.)

ATTORNEY FOR APPELLANT:

F. HOLT MONTGOMERY, JR.

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: JEFFREY A. KLINGFUSS

DISTRICT ATTORNEY: CONO CARANNA

NATURE OF THE CASE: CRIMINAL: POSSESSION OF CONTROLLED SUBSTANCE WITH INTENT TO DELIVER, SIMPLE ASSAULT IN A LAW ENFORCEMENT OFFICER, AND AGGRAVATED ASSAULT

TRIAL COURT DISPOSITION: GUILTY VERDICT; SENTENCED TO A TOTAL OF 40 YRS IN PRISON AND FINED $30,000.00

BEFORE BRIDGES, P.J., DIAZ, AND SOUTHWICK, JJ.

SOUTHWICK, J., FOR THE COURT:

Darryl Johnson was convicted of possession of cocaine with the intent to distribute, simple assault on a law enforcement officer, and aggravated assault. He was sentenced to a total of forty years in prison on all three counts and fined $30,000.00. He appeals his conviction, contending that the prosecution violated an order *in limine*, that prior civil forfeiture proceedings prohibited his trial on cocaine possession charges because of double jeopardy considerations, that lesser included offense instructions were erroneously denied, and that conviction of the possession charges was contrary to the overwhelming weight of the evidence. We affirm.

## FACTS

Johnson was the subject of a "sting" operation in Harrison County in which the police used two confidential informants who were charged with drug crimes to purchase drugs from Johnson. Several telephone calls resulted in an agreement to sell powdered cocaine. On October 9, 1992, Johnson was met by the informants in a grocery store parking lot for the transaction. The police followed in two unmarked vans. One of the informants wore a concealed microphone to allow the police to hear his conversations with Johnson, but no recording was made.

The drug transaction took place in Johnson's car. After the purchase, the police converged on Johnson's car. In reaction to the approach of the officers, Johnson threw his car into reverse and attempted to back out of the grocery store parking lot. In so doing, he ran over an officer's foot. He then struck a pedestrian, seriously injuring her. Johnson was stopped and arrested by police at the scene. A search of his car produced two bags containing a total of 4.49 ounces of cocaine.

## DISCUSSION

*1. Violations of Order* In Limine

An order *in limine* was entered in the trial of this case prohibiting mention of prior drug transactions involving Johnson. Nevertheless, three witnesses made statements that Johnson argues violated the order *in limine*. The first objection arose during the following testimony:

> Q. Why did you do the take down on the deal in the Krogers parking lot?
>
> > A. Prior to formulating the plan, Howard Hill had -- during the conversation, had asked Daryal did he want to do it at Krogers, I believe where they had done it before.

A motion for mistrial was made, but denied since the judge did not find any substantial prejudice from the remark. A requested limiting instruction was discussed by the court and defense counsel, but apparently the defense counsel agreed it was better not to give one.

Another witness testified he was present in the Kroger parking lot as part of an "ongoing narcotics transaction." The prosecutor asked what suspects were involved with that ongoing transaction, and

the witness named Johnson. Again, defense counsel objected. The trial court only said "Okay," which may or may not have been a sustaining of the objection. The motion for mistrial that was then made was overruled.

The State contends that these statements, either separately or cumulatively, were not unduly prejudicial to the defense. The immediate source of the prohibition against testimony of other drug crimes in this case is the trial court's order *in limine*. In essence, this was an advance ruling that all evidence of prior drug transactions failed to meet the requirements under Mississippi Rules of Evidence 404(b) and 403 for probative and not unfairly prejudicial evidence. The trial court itself found no grounds to grant a mistrial. That decision necessarily included consideration that the court's own order may have been ignored, and separately that the evidence violated general rules for admissibility and prejudice. The order *in limine* does not enlarge our scope of appellate review, but does constitute notice to the attorneys of the trial court's evidentiary ruling, a violation of which risks a mistrial. Even if a trial judge's careful review under the rules of evidence would suggest the evidence is admissible, it is within his appropriate discretion to impose discipline in some form just for the violation of the order.

Since a judge's preliminary ruling *in limine* is always subject to recalculation during the trial, we analyze on appeal whether the evidentiary rules were violated. First, we consider whether the testimony objected to falls within an exception to Rule 404(b). Second, applying Rule 403, we must decide whether the trial judge abused his discretion in determining that the prejudicial impact of the evidence was outweighed by its probative value. *Ballenger v. State*, 667 So. 2d 1242, 1256-57 (Miss. 1995).

Rule 404 generally proscribes the admission of "[e]vidence of a person's character or a trait of his character" when such evidence is intended to prove that the person acted in conformity with that character. M.R.E. 404(a). As its basic premise, the rule recognizes that presentation of character evidence risks raising an inference that an accused is more likely to have committed the crime charged based on evidence that may either be unreliable or unduly stigmatic. *See Marks v. State*, 532 So. 2d 976, 981 (Miss. 1988). As a practical matter, the rule prohibits the admission of evidence of "other crimes." *Smith v. State*, 656 So. 2d 95, 99 (Miss. 1995). The rule does, however, contain certain exceptions. Prior crimes evidence is admissible to show motive, plan, knowledge, and identity. M.R.E. 404(b). Specifically, in this case, evidence of Johnson's "prior involvement in the drug trade [was] admissible to prove intent to distribute." *Holland v. State*, 656 So. 2d 1192, 1196 (Miss. 1995) . Johnson argued he knew nothing about the drugs in his car, and had never agreed to sell any. Accordingly, Rule 404 does not present a basis for reversal.

Nevertheless, our analysis is not finished simply because the evidence falls within a Rule 404 exception. We must also consider whether Rule 403 is satisfied, i.e., whether the probative value of the "other crimes" evidence is substantially outweighed by unfair prejudice. We conclude that it is not. In this case, the evidence at issue is highly probative to show Johnson's plan to engage in the drug transaction that forms the setting for the crimes with which he was charged. The evidence is strongly probative of Johnson's intent to distribute the cocaine he possessed. We conclude that the trial judge did not abuse his discretion in concluding that there was not unfair prejudice.

Johnson also complains about the testimony of a witness who indicated he knew Johnson because he

had previously had a conversation with him in the Gulfport City Court. There was no objection until the witness was asked "What was the extent of that conversation?" The objection was that such testimony presented inadmissible hearsay. That objection was overruled, but it is not repeated here. The argument here is that mentioning a municipal court was a violation of the order *in limine,* which was not raised below. We find the reference to Johnson's being in a municipal court to be entirely too vague to constitute prejudice. Regardless, the issue has not been preserved. *Conner v. State*, 632 So. 2d 1239, 1255 (Miss. 1993), *cert. denied*, 115 S. Ct. 314 (1994).

*2. Double Jeopardy*

Prior to the trial that produced this appeal, three forfeiture proceedings were instituted against property owned or possessed by Johnson, including the car Johnson was driving at the time of his arrest. Two of the forfeiture proceedings resulted in the clerk's *entry* of default in favor of the State. The forfeiture proceeding relating to Johnson's car did not result in an entry of default. In none of the forfeiture proceedings does the record reveal a default *judgment*. In light of these prior civil forfeitures, Johnson argues that his prosecution in this case violates his Fourteenth Amendment right against double jeopardy.

While the State and Johnson dedicate their arguments on appeal to a lengthy discussion of the case law concerning double jeopardy and the law emanating from a United States Supreme Court opinion about whether civil forfeitures serve as punishment for crime, we find the issue to be different. The record in this case includes the filings made in the three forfeiture actions. In none of those actions did Johnson make any appearance prior to the entry of default, which is the final action in the records. In the absence of Mississippi authority on this issue and because the issue relates to application of the Federal Constitution, we look to federal case law as particularly persuasive.

In *United States v. $184,505.01 in U.S. Currency*, 72 F.3d 1160 (3d Cir. 1995), the Third Circuit considered a motion to set aside default judgments made in forfeiture cases. The individual making the motion had been convicted of drug crimes prior to the default judgments on forfeiture. He argued that the judgments should be set aside on double jeopardy grounds. The court rejected this argument, recognizing that the individual did not participate in the forfeiture proceedings until default judgments had already been entered against him. *$184,505.01 in U.S. Currency*, 72 F.3d at 1167. In this factual context, the court held that "[a] forfeiture proceeding in which a party does not participate does not place that party in jeopardy, and therefore that party cannot use that forfeiture as the basis of a double jeopardy challenge to a subsequent proceeding." *Id.* This holding echoes a very basic premise: "[y]ou can't have double jeopardy without a former jeopardy." *Id.* (citing *United States v. Torres*, 28 F.3d 1463, 1465 (7th Cir. 1994) (citation omitted), *cert. denied*, 115 S. Ct. 669 (1994)). The court explained that "[w]hile *Halper* 'extended the no-double-punishments rule to civil penalties . . . [it] did not remove from the double jeopardy claimant's shoulders the burden of establishing a former jeopardy." *$184,505.01 in U.S. Currency*, 72 F.3d at 1168 (quoting *United States v. Baird*, 63 F.3d 1213, 1219 (3d Cir. 1995), *cert. denied*, 116 S. Ct. 909 (1996)).

Consistent with the weight of federal authority, jeopardy does not attach unless a prospective criminal defendant makes an appearance in the prior forfeiture proceedings. *See id.* n.14 (cases cited therein); *United States v. Wilson*, 77 F.3d 105, 111 (5th Cir. 1996); *United States v. Arreola-Ramos*, 60 F.3d 188, 192-93 (5th Cir. 1995) ("[S]ummary forfeiture . . . can never serve as a jeopardy

component . . . . Absent a trial, a party, and a punishment, jeopardy can never attach."); *United States v. Doyer*, 907 F. Supp. 1519, 1524 (M.D. Fla. 1995) (later criminal proceeding not barred under double jeopardy by prior forfeiture in which default was entered by virtue of defendant's voluntary absence from forfeiture proceedings); *United States v. Levine*, 905 F. Supp. 1025, 1032 (M.D. Fla. 1995) (citation omitted) ("Jeopardy does not attach when the defendant does not make a claim and thus, does not become a party to the forfeiture."). Even when, as here, the defendant was named in the forfeiture actions or is otherwise acknowledged as an owner of the property, jeopardy does not attach in the forfeiture proceedings in the defendant's favor unless he makes an affirmative claim to the property. *See Williams v. United States*, No. 95-2288, slip op. at 2 (7th Cir. Mar. 11, 1996); *United States v. Idowu*, 74 F.3d 387, 395 (2d Cir. 1996), *cert. denied*, ___ S. Ct. ___, No. 95-8843, 1996 WL 245424 (June 3, 1996).

In the case before this Court, Johnson has not established a former jeopardy. He failed to appear in the forfeiture proceedings until after default had been entered by the court clerk. Consequently, there is no double jeopardy issue in this case and no infringement of Johnson's constitutional rights by virtue of his trial and conviction, following initiation of forfeiture proceedings in which he did not participate prior to his criminal trial.

In addition, we have no evidence of a final judgment of forfeiture. As an independent basis for affirmance, we hold that an entry of default is not a final judgment implicating double jeopardy. Under our forfeiture statutes, it is debatable whether an entry of default is even appropriate. The only defendant is the property itself, not the alleged owner. Thus regardless of whether an answer is filed -- and the legal fiction of the property being the defendant means no answer is required -- the state still must put on evidence that the requirements for forfeiture were met. Thus an entry of default has no significance. Under Mississippi's civil forfeiture scheme, even if an answer is not filed, a default is not justified until the state has proved the grounds for forfeiture. "If an answer is not filed, the court *shall* hear evidence that the property is subject to forfeiture . . . ." Miss. Code Ann § 41-29-179(1) (1972) (emphasis added). As a part of this evidence, the law enforcement agency seeking the forfeiture must submit a written declaration of forfeiture and the petition for forfeiture may be introduced as *prima facie* evidence that the property is subject to forfeiture. *Id.* §§ 41-29-176(6), 179(2). A claimant can rebut that evidence even without having filed an answer, since the claimant is not a defendant. *Ervin v. State ex rel. Mississippi Bureau of Narcotics*, 434 So. 2d 1324, 1325 (Miss. 1983). Even without an answer from a claimant to the forfeiture proceeding, the agency must still prove its entitlement to the property by a preponderance of the evidence. Miss. Code Ann. § 41-29-179(2) (1972). In sum, these provisions define the impact of the failure to file an answer as one involving a shifted burden of proof, not a default in favor of the State. *See Threlkeld v. State ex. rel. Mississippi Department of Wildlife, Fisheries & Parks*, 586 So. 2d 756, 757 (Miss. 1991). Thus, under this analysis, the defaults in the forfeiture proceedings in this case d o not result in the taking of the subject property. Double jeopardy requires a prior punishment for the same crime. The defaults in this case do not operate as prior punishments because they did not effect a final taking of the property.

Consequently, there has been no forfeiture of the property based on an entry of default, and no punishment until a final judgment is entered.

*3. Lesser Included Offense Instructions*

Johnson argues that he was entitled to lesser included offense instructions on all three counts against him. He contends that, because he did not perceive that he was being chased by police officers, that he lacked *scienter* for assault on a police officer and could have been found guilty of simple assault. He also argues that a jury could have found him not guilty of aggravated assault of the bystander he hit when he threw his car into reverse, but guilty of simple assault. Lastly, he urges that the jury could have found him not guilty of possession with intent to deliver, yet guilty of simple possession because the quantity of cocaine in his possession could have been for his personal use and he claims that there is no direct proof that the cocaine was going to be sold.

We must determine whether, taking the evidence in the light most favorable to the accused, and considering all reasonable and favorable inferences which may be drawn in favor of the accused from the evidence, a hypothetical reasonable jury could convict Johnson of any lesser included offense. *Berry v. State*, 575 So. 2d 1, 12 (Miss. 1990), *cert. denied*, 500 U.S. 928 (1991).

We first look at the law enforcement officer question. The Mississippi Code provides for enhanced sentencing of persons found guilty of simple assault on law enforcement officers. Miss. Code Ann. § 97-3-7 (1972). The effect of granting a lesser included offense instruction here would not have been on the finding of guilt by the jury, but on the trial court's options on sentencing. Johnson received a four-year sentence on this count. Simple assault on a law enforcement office carries a maximum five-year sentence, while otherwise the maximum is only six months. Johnson received a four-year sentence on this charge. The statute does not explicitly require that an accused know that he is assaulting a law enforcement officer The purpose of the statute could be seen as deterring criminals from assaulting law enforcement officers, among other protected classes, by enhancing the punishment of those who assault them. A similar but slightly different purpose is not deterrence, but mere punishment -- if one prone to assaults happens to victimize one of the covered individuals, his penalty is higher.

We find no interpretation of the statute on this point by the supreme court. Consequently, we look at the plain language of the statute and find no requirement that the defendant know the status of his victim. What is explicit is that the assault occur while the officer is performing official duties, which was the case here. We find no due process problem either. The federal courts have addressed this issue in the context of a similar statute dealing with assaults on federal officers. The statute has been held to contain an express requirement that the defendant know the victim is in law enforcement. *United States v. Irick,* 497 F. 2d 1369, 1373 (5th Cir. 1974), *cert. denied sub nom. Myers v. United States*, 420 U.S. 945 (1975). The courts have also found no due process violation arising from only requiring an intent to assault, and not intent to assault a law enforcement officer. *McEwen v. United States,* 390 F. 2d 47, 50 (9th Cir. 1968) (citing *United States v. Balint,* 258 U.S. 250 (1922)), *cert. denied*, 392 U.S. 940.

Johnson's argument that *scienter* was not properly proved to support an enhanced simple assault charge is unavailing. The proof adduced at trial demonstrated that Johnson recklessly injured a police officer in his attempt to flee the scene of his arrest. Since there was no dispute that this victim was in fact a police officer, no reasonable jury could have concluded that Johnson did not injure a law enforcement officer. Consequently, a lesser included offense instruction on this charge was not necessary or even appropriate.

As to his other victim, the bystander, Johnson argues that the circumstances of his attempt to flee could be viewed by a reasonable juror as insufficient to support a charge of aggravated assault, yet sufficient to support a conviction of simple assault. The Mississippi Code provides:

> A person is guilty of aggravated assault if he . . . causes [serious bodily] injury [to another] . . . recklessly under circumstances manifesting extreme indifference to the value of human life . . . .

Miss. Code Ann. § 97-3-7(2)(a) (1972). In this case, the undisputed evidence shows that Johnson threw his car in reverse and attempted to flee the parking lot. He struck the bystander and caused injuries to her that were extremely serious. He then was apprehended at a high rate of speed. The supreme court has held that the test of whether the simple assault instruction should be given under an indictment for aggravated assault "is whether there was evidence in the record so that a reasonable juror could have concluded that the accused was guilty of simple assault." *Harbin v. State*, 478 So. 2d 796, 798 (Miss. 1985). The court said the "clincher" can be "uncontradicted evidence regarding the nature and extent of [the victim's] injuries." *Harbin,* 478 So. 2d at 800. In light of the seriousness of the bodily injury caused and the recklessness with which Johnson attempted to flee, we find "the uncontradicted physical facts overwhelmingly support the greater charge to the extent that no reasonable juror could have found him guilty only of simple assault." *Id.*

As to a lesser offense instruction on possession, Johnson testified at trial he did not know he had the narcotics, and did not intend to sell and did not knowingly possess. Thus the jury was faced with choosing the State's evidence of a drug transaction, or Johnson's version that he was innocent of any criminal activity. There was no evidence to support a lesser included instruction.

*4. Weight of the Evidence on Possession With Intent to Distribute Charge*

Johnson contends that the jury's guilty verdict on the charge of possession of cocaine with the intent to distribute is contrary to the overwhelming weight of the evidence. Johnson argues that the jury was without evidence to conclude that he intended to sell the cocaine. We disagree. There is ample evidence from the testimony of the confidential informants that Johnson wanted to sell the cocaine. In addition, the jury heard tape recordings of conversations with Johnson which, while they did not present Johnson's side of the conversation, were strong evidence of Johnson's intent to distribute. Lastly, testimony of Johnson's prior activity as a drug dealer supported the conclusion that he intended to sell drugs in this case. In light of this evidence, taken in the light most favorable to the prosecution, we conclude that the jury's verdict on this count was not contrary to the overwhelming weight of the evidence. *Hopson v. State*, 625 So. 2d 395, 405 (Miss. 1993).

**THE JUDGMENT OF CONVICTION OF THE HARRISON COUNTY CIRCUIT COURT AND SENTENCE OF TWENTY (20) YEARS FOR COUNT I: POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE; FOUR (4) YEARS FOR COUNT II: SIMPLE ASSAULT ON A LAW ENFORCEMENT OFFICER; AND TWENTY (20) YEARS FOR COUNT III: AGGRAVATED ASSAULT, WITH THE SENTENCES FOR COUNT I AND III TO BE SERVED CONSECUTIVELY, AND THE SENTENCES FOR COUNT I AND II TO BE SERVED CONCURRENTLY, AND TO PAY A FINE OF $30,**

000.00 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO HARRISON COUNTY.

FRAISER, C.J., BRIDGES, P.J., BARBER, COLEMAN, DIAZ, KING, McMILLIN, AND PAYNE, JJ., CONCUR.

THOMAS, P.J., NOT PARTICIPATING.